Filed 5/4/15

# IN THE SUPREME COURT OF CALIFORNIA


LORING WINN WILLIAMS, )
)
       Plaintiff and Appellant, )
) S213100
       v. )
) Ct.App. 4/2 E055755
CHINO VALLEY INDEPENDENT )
FIRE DISTRICT, )
) San Bernardino County
       Defendant and Respondent. ) Super. Ct. No. CIVRS801732
_____ )


Plaintiff Loring Winn Williams sued defendant Chino Valley Independent Fire District (the District) for employment discrimination in violation of the California Fair Employment and Housing Act. (FEHA; Gov. Code, § 12900 et seq.) The trial court granted summary judgment for the District and, in a separate order, awarded the District its court costs. Williams appealed from the latter order, contending that in the absence of a finding his action was frivolous, unreasonable or groundless, defendant should not have been awarded its costs.

The issues presented are these: Is a defendant prevailing in a FEHA action entitled to its ordinary court costs as a matter of right pursuant to Code of Civil Procedure section 1032, or only in the discretion of the trial court pursuant to Government Code section 12965, a provision of FEHA itself? And, if the trial court does have discretion, must that discretion be exercised according to the rule

1

applicable to attorney fee awards in certain federal civil rights actions under *Christiansburg Garment Co. v. EEOC* (1978) 434 U.S. 412 (*Christiansburg*), according to which a prevailing defendant receives its attorney fees only if the plaintiff's action was objectively groundless?

We conclude Government Code section 12965, subdivision (b), governs cost awards in FEHA actions, allowing trial courts discretion in awards of both attorney fees and costs to prevailing FEHA parties. We further conclude that in awarding attorney fees and costs, the trial court's discretion is bounded by the rule of *Christiansburg*; an unsuccessful FEHA plaintiff should not be ordered to pay the defendant's fees or costs unless the plaintiff brought or continued litigating the action without an objective basis for believing it had potential merit.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a firefighter, sued defendant, his employer, alleging disability discrimination in violation of FEHA. On summary judgment, the trial court ruled for defendant and awarded it costs in an amount to be determined. Defendant filed a memorandum of costs, and plaintiff moved to tax costs. The trial court granted the motion to tax in part, reducing the award from the requested amount, but rejected plaintiff's contention that the *Christiansburg* standard applied to an award of court costs. Without making any finding plaintiff's action was frivolous, unreasonable, or groundless, the trial court awarded defendant costs totaling $5,368.88. (As far as the record on appeal shows, defendant did not request an award of attorney fees.)

On appeal from the costs order, the Court of Appeal affirmed. The appellate court held the governing statute was Code of Civil Procedure section 1032, subdivision (b), which allows a prevailing party its court costs as a matter of right, rather than Government Code section 12965, subdivision (b), which makes such

2

an award discretionary. The court also distinguished between attorney fees (which it agreed were subject to the *Christiansburg* standard) and costs, observing that attorney fees "can be more expensive and unpredictable than ordinary costs and could discourage plaintiffs from filing meritorious actions."

## DISCUSSION

As the issues here are ones of statutory interpretation, we begin with the central statutes involved.

Code of Civil Procedure section 1032, subdivision (b) (Code of Civil Procedure section 1032(b)), guarantees prevailing parties in civil litigation awards of the costs expended in the litigation: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."

Code of Civil Procedure section 1033.5 limits recoverable costs to those both "reasonably necessary to the conduct of the litigation" and "reasonable in amount." (*Id.*, subd. (c)(2), (3).) The section also details the types of expenses "allowable as costs under Section 1032." (*Id.*, subd. (a).) These include filing, motion, and jury fees, food and lodging costs for sequestered juries, the costs of taking necessary depositions, costs of service of process, fees of ordinary witnesses and of court ordered experts, the costs of transcripts ordered by the court, attachment expenses and surety bond premiums, fees of court reporters and interpreters, and the costs of exhibits helpful to the trier of fact. (*Id.*, subd. (a)(1)-(9), (11)-(13).) Attorney fees and parties' expert witness fees are not ordinarily recoverable as costs under section 1032. (*Id.*, subds. (a)(10), (b)(1).) Below, we sometimes use the phrase "ordinary costs" to refer to those costs allowed by section 1033.5, subdivision (a).

3

Government Code section 12965, subdivision (b) (Government Code section 12965(b)), provides for private actions to enforce the provisions of FEHA. It states in part: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees." (*Ibid*.)

Two principal issues are disputed here: Is Government Code section 12965(b) an express exception to Code of Civil Procedure section 1032(b), allowing discretion in cost awards rather than requiring them as a matter of right? And if so, is the court's discretion in awarding costs to a prevailing party under Government Code section 12965(b) bounded by an asymmetric rule requiring a finding the plaintiff's action was groundless before a cost award may be made to a prevailing defendant? While these are questions of California law, their resolution requires discussion, as well, of federal law on cost awards in civil rights litigation.

In an action under title VII of the 1964 Civil Rights Act (Title VII), the trial court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs." (42 U.S.C. § 2000e-5(k).) In *Christiansburg*, the high court interpreted this discretionary provision as creating a different standard for awards of fees to prevailing defendants than to prevailing plaintiffs: while prevailing Title VII plaintiffs, whom Congress had chosen as an instrument to vindicate its policy against job discrimination, should ordinarily be awarded their fees (*Christiansburg*, *supra*, 434 U.S. at pp. 416–417, 418), a Title VII plaintiff "should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." (*Christiansburg*, at p. 422.) The legislative history of Title VII indicated the purpose of the fee provision was to " 'make it easier for a plaintiff of limited means to bring a meritorious suit.' " (*Christiansburg,* at p. 420.) To award fees to a defendant simply because the

4

plaintiff was ultimately unsuccessful "would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." (*Id.* at p. 422.)

*Christiansburg* involved attorney fees, not court costs, and the high court has not decided whether the same asymmetrical standard applies to an award of costs to a prevailing Title VII defendant. Several lower courts have held it does not.

In *Nat. Organization for Women v. Bank of California* (9th Cir. 1982) 680 F.2d 1291, 1294, the court relied on Federal Rules of Civil Procedure, rule 54(d) (28 U.S.C.) (rule 54(d)), which states the prevailing party should be allowed costs unless otherwise provided by statute, rule, or court order, and observed that Title VII contains "no express statutory provision for applying *Christiansburg* to cost awards." (Accord, *Delta Air Lines, Inc. v. Colbert* (7th Cir. 1982) 692 F.2d 489, 491, fn. 5 ["Title VII contains no provision respecting costs, unlike its special provision on attorney's fees."]; *Poe v. John Deere Co.* (8th Cir. 1982) 695 F.2d 1103, 1108 (*Poe*) [positing as a rationale for Title VII's provision for discretionary award of fees and absence of similar provision for costs that "[w]hereas the magnitude and unpredictability of attorney's fees would deter parties with meritorious claims from litigation, the costs of suit in the traditional sense are predictable and, compared to the costs of attorneys' fees, small"]; *Cosgrove v. Sears, Roebuck & Co.* (2nd Cir. 1999) 191 F.3d 98, 101–102 [following *Poe* in distinguishing between costs and fees by their size and predictability]; *Byers v. Dallas Morning News, Inc.* (5th Cir. 2000) 209 F.3d 419, 430 [relying on rule 54(d)'s allowance of costs to the prevailing party and noting that "Title VII does not expressly provide otherwise . . . ."].)

While these lower federal court decisions have not applied *Christiansburg* to costs in Title VII actions, the Ninth Circuit Court of Appeals *has* done so in actions under the Americans with Disabilities Act (ADA), a provision of which

5

gives trial courts discretion to award the prevailing party "a reasonable attorney's fee, including litigation expenses, and costs." (42 U.S.C. § 12205.) In *Brown v. Lucky Stores, Inc.* (9th Cir. 2001) 246 F.3d 1182, 1190, the court held this "express provision governing costs" prevailed over rule 54(d)'s general allowance of costs to the prevailing party. Because the ADA provision "makes fees and costs parallel," moreover, the court held the *Christiansburg* standard for fees applies as well to a cost award to a prevailing ADA defendant. (*Brown v. Lucky Stores, Inc.*, *supra*, 246 F.3d at p. 1190.)

In *Martin v. California Dept. of Veterans Affairs* (9th Cir. 2009) 560 F.3d 1042, concerning an award of costs under the Rehabilitation Act, a provision of which gives the court discretion to award a prevailing party "a reasonable attorney's fee as part of the costs" (29 U.S.C. § 794a(b)), the Ninth Circuit elaborated on its earlier textual analysis. Like the fee provision of Title VII, but unlike that of the ADA, the Rehabilitation Act section "makes an attorney fee award discretionary" but "does not suggest that 'the costs' are similarly discretionary, but rather that they are a given, to which fees *may* attach." (*Martin v. California Dept. of Veterans Affairs*, at p. 1053.) The "parallel structure" of the ADA provision ("a reasonable attorney's fee . . . and costs" (42 U.S.C. § 12205)) being "critically absent from the relevant texts of both the Rehabilitation Act and Title VII," prevailing defendants under the Rehabilitation Act, like those under Title VII, are to be awarded their costs pursuant to rule 54(d) regardless of whether the *Christiansburg* standard is met. (*Martin v. California Dept. of Veterans Affairs*, at p. 1052.)

Turning to FEHA case law, we begin with *Cummings v. Benco Building Services* (1992) 11 Cal.App.4th 1383 (*Cummings*), which adopted the *Christiansburg* standard for awards of fees and costs to prevailing FEHA defendants. In an age discrimination suit under FEHA, the trial court granted

6

summary judgment to the defendant and awarded it more than $60,000 in attorney fees and about $3,000 in costs. (*Cummings*, at pp. 1385–1386.) Quoting Government Code section 12965(b) and relying on the similarity of language and purposes between FEHA and Title VII, the appellate court held "[t]he standard a trial court must use in exercising its discretion in awarding fees and costs to a prevailing defendant was set forth in the Supreme Court's decision in *Christiansburg* . . . ." (*Cummings*, at p. 1387.) Without discussing costs separately from attorney fees, the *Cummings* court concluded both were subject to *Christiansburg* and, finding the plaintiff's action was not groundless, reversed the trial court's order as an abuse of discretion as to both fees and costs. (*Cummings*, at p. 1388.)

With regard to awards of attorney fees to prevailing FEHA defendants, numerous appellate decisions have followed *Cummings* in applying the *Christiansburg* standard. (See, e.g., *Leek v. Cooper* (2011) 194 Cal.App.4th 399, 419–420; *Young v. Exxon Mobil Corp.* (2008) 168 Cal.App.4th 1467, 1475; *Mangano v. Verity, Inc.* (2008) 167 Cal.App.4th 944, 948–949; *Rosenman v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro* (2001) 91 Cal.App.4th 859, 874 ["Any other standard would have the disastrous effect of closing the courtroom door to plaintiffs who have meritorious claims but who dare not risk the financial ruin caused by an award of attorney fees if they ultimately do not succeed.].") In *Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 985, we noted this line of decisions with apparent approval, observing that "California courts have adopted" the *Christiansburg* standard for attorney fee awards in FEHA cases. We did not address the standard for ordinary costs.

With regard to costs awards, on the other hand, the published California decisions on point have declined to follow *Cummings*. In *Perez v. County of Santa Clara* (2003) 111 Cal.App.4th 671, 679 (*Perez*), the defendant, having prevailed in

7

a court trial of the plaintiff's FEHA claims, sought about $13,000 in costs, which the trial court denied, citing *Cummings*. Although disagreeing with the plaintiff that Government Code section 12965(b) states an express exception to Code of Civil Procedure section 1032(b), the *Perez* court, somewhat contradictorily, found it "clear that [Government Code] section 12965(b) governs the costs at issue here" and considered the "only question" to be "whether the court must find the action to be frivolous, unreasonable, or groundless before it may exercise that discretion to award costs to a prevailing FEHA defendant." (*Perez*, at p. 679.) On that question, *Perez* found persuasive the federal case law on Title VII costs, in particular the contrast made in *Poe* between the " 'magnitude and unpredictability of attorney fees,' " an award of which " 'would deter parties with meritorious claims from litigation,' " and ordinary costs, which are " 'predictable and, compared to the costs of attorneys' fees, small.' " (*Perez*, at p. 681, quoting *Poe*, *supra*, 695 F.2d at p. 1108.) *Perez* concluded that "ordinary litigation costs are recoverable by a prevailing FEHA defendant even if the lawsuit was not frivolous, groundless, or unreasonable." (*Perez*, at p. 681.)

*Knight v. Hayward Unified School Dist.* (2005) 132 Cal.App.4th 121 followed *Perez* rather than *Cummings* on FEHA costs. The trial court gave summary judgment for the defendant district and awarded it more than $3,000 in costs. (*Knight v. Hayward Unified School Dist.*, at p. 134.) The appellate court affirmed, finding *Perez* persuasive and observing that while "costs may in some FEHA cases be considerable, . . . *Perez* does not prevent nonprevailing plaintiffs from pleading and demonstrating that such an award would impose undue hardship or otherwise be unjust, and should therefore not be made, and we are unwilling to assume trial judges would turn a deaf ear to such equitable claims." (*Knight v. Hayward Unified School Dist.*, at pp. 135–136; accord, *Hatai v. Department of Transportation* (2013) 214 Cal.App.4th 1287, 1299. With this

8

background in the statutes and case law, we address the interpretive questions before us.

## I. Is Government Code Section 12965(b) an Express Exception to Code of Civil Procedure Section 1032(b)?

As noted earlier, Code of Civil Procedure section 1032(b) provides that civil defendants are "entitled as a matter of right" to recover their costs "[e]xcept as otherwise expressly provided by statute." Unless Government Code section 12965(b) expressly excepts FEHA parties from this entitlement, therefore, a prevailing FEHA defendant is entitled to its costs as a matter of right.

We conclude Government Code section 12965(b) is an express exception to Code of Civil Procedure section 1032(b) and the former, rather than the latter, therefore governs costs awards in FEHA cases. The FEHA statute expressly directs the use of a different standard than the general costs statute: Costs that would be awarded as a matter of right to the prevailing party under Code of Civil Procedure section 1032(b) are instead awarded in the discretion of the trial court under Government Code section 12965(b). By making a cost award discretionary rather than mandatory, Government Code section 12965(b) expressly excepts FEHA actions from Code of Civil Procedure section 1032(b)'s mandate for a cost award to the prevailing party.

Our prior case law is not to the contrary.

In *Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, we held a provision of the Song-Beverly Consumer Warranty Act, Civil Code section 1794, subdivision (d), was not an express exception to Code of Civil Procedure section 1032(b). We so concluded because Civil Code section 1794, subdivision (d), awards costs to the prevailing buyer of consumer goods in an action under the statutory scheme, but is silent as to a prevailing seller. "In other words, it does not *expressly* disallow recovery of costs by prevailing sellers; any suggestion that

9

prevailing sellers are prohibited from recovering their costs is at most *implied*. Accordingly, based on the plain meaning of the words of the statutes in question, we conclude Civil Code section 1794(d) does not provide an 'express' exception to the general rule permitting a seller, as a prevailing party, to recover its costs under section 1032(b)." (*Murillo*, at p. 991.)  We went on to distinguish cases involving cost statutes that "concern the ability of both parties to recover costs . . . or require that additional conditions be satisfied before one side of the litigation may recover costs," observing that "these statutes may constitute express exceptions to section 1032(b)." (*Id.* at p. 999.)

Though both parties in the present case cite *Murillo*, it tends to support plaintiff's position, and our conclusion, that Government Code section 12965(b) is an express exception to Code of Civil Procedure section 1032(b).  Government Code section 12965(b), rather than being silent as to either party's recovery of costs, expressly states that both parties are allowed costs in the trial court's discretion, a standard expressly differing from the entitlement to costs provided under Code of Civil Procedure section 1032(b).

For the proposition that Government Code section 12965(b)'s discretionary standard does not govern the award of costs in FEHA cases, defendant relies heavily on *Davis v. KGO-TV, Inc.* (1998) 17 Cal.4th 436 (*Davis*).  In *Davis*, we held Government Code section 12965(b) did not authorize the trial court in a FEHA case to award the prevailing party its expert witness fees as part of the costs. (*Davis*, at p. 446.)[1]  We reasoned that Government Code section 12965(b), while authorizing a discretionary award of "costs" to the prevailing party, does not define that term, while the statute that sets out allowable and nonallowable costs,

---

[1]    At the time, Government Code section 12965(b) did not expressly allow expert witness fees as costs.  The Legislature later amended the statute to add such fees, abrogating *Davis*'s holding.  (See Stats. 1999, ch. 591, § 12, p. 4222.)

10

Code of Civil Procedure section 1033.5, states that expert witness fees are not allowable absent express statutory authority (*id*., subd. (b)(1)). (*Davis*, at pp. 439–442.) Government Code section 12965(b) "uses the bare term 'costs,' while Code of Civil Procedure section 1033.5 defines the term by codifying the rules specifying which 'costs' are allowable, which are nonallowable, and which are within the trial court's discretion." (*Davis*, at p. 443.)

*Davis*'s holding and dispositive reasoning are not informative on the question before us here, whether Government Code section 12965(b), as an express exception to Code of Civil Procedure section 1032(b), governs the award of costs in FEHA actions. *Davis* addressed the relationship between Government Code section 12965(b) and Code of Civil Procedure *section 1033.5*, not Code of Civil Procedure section 1032(b). Our holding in *Davis* that the definition of allowable costs in Code of Civil Procedure section 1033.5 governs the *type* of costs that may be awarded under Government Code section 12965(b) has no application in this case, where the question is not whether the court had the authority to award the type of costs it did — ordinary costs of types indisputably allowable under Code of Civil Procedure section 1033.5 — but whether the court enjoyed discretion in deciding whether or not to award costs to a prevailing FEHA defendant.

*Davis* does, however, contain a brief dictum that supports defendant's position. In the course of our discussion we observed that while the trial court lacked authority under Government Code section 12965(b) to award expert witness fees, it did have the discretion "to award or deny any additional items of costs that are not mentioned as either allowable or nonallowable in Code of Civil Procedure section 1033.5." (*Davis*, *supra*, 17 Cal.4th at p. 444.) In the accompanying footnote, we added: "At the same time, we reject any suggestion that Government Code section 12965, in referring to the trial court's 'discretion' to award attorney fees and costs, intended to provide the prevailing party in a

11

discrimination action with *fewer* remedies than those afforded 'as of right' to other litigants pursuant to Code of Civil Procedure sections 1032 and 1033.5." (*Id.* at p. 444, fn. 3.) Though the issue was not before us in *Davis*, this sentence does suggest the view that Code of Civil Procedure section 1032(b), rather than Government Code section 12965(b), governs the award of ordinary costs to a prevailing FEHA party.

We spoke too broadly in the quoted dictum. As will be seen, the discretion provided in Government Code section 12965(b) does not significantly lessen the availability of costs to a prevailing FEHA *plaintiff* — the circumstance that was seemingly in the *Davis* court's mind when it spoke, in a case that itself involved a prevailing FEHA plaintiff, of FEHA "remedies." But to the extent trial courts' Government Code section 12965(b) discretion is bounded by an asymmetrical rule restricting awards to prevailing *defendants* (see pt. II, *post*), it could be said to reduce the "remedies" available to such prevailing defendants. Nothing in *Davis* suggests we had the circumstance of a prevailing defendant, or the question of whether an asymmetrical rule should apply for awards of ordinary costs, in mind when we pronounced the quoted dictum. Again, the question in *Davis* was what types of costs were to be included in an award, not whether the court exercises discretion under Government Code section 12965(b) in making an award at all. We therefore decline to follow, and instead we disapprove, our dictum in *Davis*'s footnote 3. (*Davis v. KGO-TV, Inc.* (1998) 17 Cal.4th 436, 444, fn. 3.)

Finally, defendant relies on *Chavez v. City of Los Angeles*, *supra*, 47 Cal.4th 970 (*Chavez*). *Chavez*, however, neither holds nor implies that Government Code section 12965(b) is not an express exception to Code of Civil Procedure section 1032(b)'s mandate that the prevailing party be awarded its ordinary court costs.

The plaintiff in *Chavez*, after extensive litigation, won only a portion of his FEHA suit and was awarded damages of only $11,500. The trial court denied his

12

request for almost $871,000 in attorney fees, relying in part on Code of Civil Procedure section 1033, subdivision (a), which provides discretion in the award of costs when the action is not brought as a limited civil case, but the prevailing party's recovery is one that could have been obtained in such a limited case. (*Chavez*, *supra*, 47 Cal.4th at pp. 976–981.)**2** We rejected the plaintiff's contention that Government Code section 12965(b)'s authorization of fees to a prevailing FEHA party precluded application of Code of Civil Procedure section 1033, concluding instead that the two statutes can be harmonized. We acknowledged the decisions holding under Government Code section 12965(b) that a prevailing FEHA plaintiff should, pursuant to the *Christiansburg* standard, "ordinarily recover attorney fees unless special circumstances would render the award unjust" (*Chavez*, at p. 985), but explained that in appropriate circumstances "the plaintiff's failure to take advantage of the time- and cost-saving features of the limited civil case procedures may be considered a special circumstance that would render a fee award unjust." (*Id.* at p. 986.)

Both Government Code section 12965(b) and Code of Civil Procedure section 1033, subdivision (a) provide the trial court with discretion in awarding attorney fees to the prevailing party. *Chavez* holds simply that in exercising its discretion the court must look both to FEHA policies and, where appropriate, to Code of Civil Procedure section 1033, subdivision (a)'s policy of promoting efficiency in litigation. (*Chavez*, *supra*, 47 Cal.4th at pp. 986–988.) *Chavez* says nothing about whether Government Code section 12965(b)'s discretionary standard constitutes an express exception to Code of Civil Procedure section

---

**2**     Attorney fees may be awarded as costs when authorized, inter alia, by statute. (Code Civ. Proc., § 1033.5, subd. (a)(10)(B).) The jurisdictional limit for limited civil cases, now and at the time *Chavez* was decided, is $25,000. (Code Civ. Proc., § 86; *Chavez*, *supra*, 47 Cal.4th at p. 976.)

1032(b)'s mandate for award of ordinary costs to the prevailing party. (See also, *Holman v. Altana Pharma US, Inc.* (2010) 186 Cal.App.4th 262, 283–285 [where trial court has discretion under both Gov. Code, § 12965(b) and Code Civ. Proc., § 998, subd. (c)(1) to award prevailing defendant its expert witness fees, court in determining size of award should consider the policies behind both statutes, including the policy of encouraging vindication of civil rights embodied in the *Christiansburg* standard].)

Our determination that Government Code section 12965(b), as an exception to Code of Civil Procedure section 1032(b), makes an award of ordinary costs to a prevailing FEHA party discretionary rather than mandatory is consistent with the federal court interpretation of similar language in the ADA. As discussed earlier, the ADA provision giving trial courts discretion to award the prevailing party "a reasonable attorney's fee, including litigation expenses, and costs," (42 U.S.C. § 12205) has been construed to make an exception from the command of rule 54(d) that costs be awarded the prevailing party in a civil action "[u]nless a federal statute, these rules, or a court order provides otherwise." (*Brown v. Lucky Stores, Inc.*, *supra*, 246 F.3d at p. 1190.) Cost awards have therefore been held governed by *Christiansburg* when made in actions under the ADA. (*Ibid.*)

By contrast, several federal circuit court decisions have, as previously explained, declined to apply the *Christiansburg* standard to costs awarded in actions under Title VII. But those decisions are based at least in part on the absence of any provision in Title VII making the award of costs discretionary with the trial court. (See *Nat. Organization for Women v. Bank of California*, *supra*, 680 F.2d at p. 1294; *Delta Air Lines, Inc. v. Colbert*, *supra*, 692 F.2d at p. 491, fn. 5; *Poe*, *supra*, 695 F.2d at p. 1108; *Byers v. Dallas Morning News, Inc.*, *supra*, 209 F.3d at p. 430.) The FEHA, however, contains such a provision, as does the ADA. (See *Martin v. California Dept. of Veterans Affairs*, *supra*, 560 F.3d at

14

pp. 1052–1053 [distinguishing the phrasing of Title VII and the Rehabilitation Act from that of the ADA].)  Thus, regardless of whether those decisions are correct in not applying the *Christiansburg* standard to cost awards in Title VII and Rehabilitation Act cases, their reasoning is inapplicable here.

"In interpreting California's FEHA, California courts often look for guidance to decisions construing federal antidiscrimination laws, including title VII of the federal Civil Rights Act of 1964 . . . .  But federal court interpretations of Title VII are helpful in construing the FEHA only when the relevant language of the two laws is similar." (*Chavez*, *supra*, 47 Cal.4th at p. 984.)  The relevant Title VII section (42 U.S.C. § 2000e-5(k) [providing that the trial court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs . . . ."]) is similar to [Government Code] section 12965(b) as to attorney fees, but not as to ordinary court costs.  By making fees discretionary as part of the costs, but not making costs themselves discretionary, the Title VII phrasing "makes an attorney fee award discretionary" but "does not suggest that '*the* costs' are similarly discretionary, but rather that they are a given, to which fees *may* attach." (*Martin v. California Dept. of Veterans Affairs*, *supra*, 560 F.3d at p. 1053.)  In contrast, both the ADA and FEHA expressly extend the court's discretion to fees *and* costs, not merely fees *as part of* the costs.  As the relevant language of Government Code section 12965(b) follows the ADA more closely than it does Title VII, federal decisions on the former are more persuasive than those on the latter in resolving the issue at hand.

Having determined that Government Code section 12965(b), as an express exception to Code of Civil Procedure section 1032(b), governs costs awards in FEHA actions, providing the trial court with discretion in making such awards to the prevailing party, we turn to the question of how that discretion should be exercised when it is the defendant who has prevailed.

15

## II. Is the Trial Court's Discretion under Government Code Section 12965(b) Subject to the *Christiansburg* Standard?

On its face, the language of Government Code section 12965(b) does not distinguish between awards to FEHA plaintiffs and to FEHA defendants: It simply provides trial court discretion in making fee and cost awards to the prevailing "party." But the legislative history of the bill by which this language entered our law, and the underlying policy distinctions reflected in that history, persuade us the Legislature intended trial courts to use the asymmetrical standard of *Christiansburg* as to both fees and costs.

FEHA, enacted in 1980, combined the provisions of two predecessor statutes, the Fair Employment Practices Act (Lab. Code, former § 1410 et seq.) and the Rumford Fair Housing Act (Health & Saf. Code, former § 35700 et seq.). (*Rojo v. Kliger* (1990) 52 Cal.3d 65, 72.) Labor Code former section 1422.2, subdivision (b), authorizing civil actions alleging discrimination in employment, was the direct predecessor of Government Code section 12965(b). As amended in 1978, it provided that in such an action "the court, in its discretion, may award to the prevailing party reasonable attorney fees and costs . . . ." (Stats. 1978, ch. 1254, § 10, p. 4074.) This provision was later recodified in Government Code section 12965(b) without relevant alteration.

The 1978 amendment adding the fees and costs provision to Labor Code former section 1422.2 was enacted by Assembly Bill No. 1915 (1977–1978 Reg. Sess.). As introduced on May 5, 1977, the bill would have added a new section, section 1423.1, to the Labor Code, concerning civil actions by employment discrimination complainants; in such an action, the trial court would have discretion to award "the prevailing party reasonable attorney's fees." (Assem. Bill No. 1915 (1977–1978 Reg. Sess.) as introduced May 7, 1977.) As first amended in the Assembly on January 9, 1978, the bill instead amended existing provisions

16

on civil actions in former section 1422.2 of the Labor Code by adding, inter alia, a provision giving the trial court discretion to award "the prevailing plaintiff reasonable attorney fees and costs." (Assem. Bill No. 1915 (1977–1978 Reg. Sess.) as amended Jan. 9, 1978.)

A committee analysis for a hearing on January 11, 1978, noted that the bill, as amended January 9, differed from federal law under Title VII in one respect: "Unlike the proposed provision, which limits payment of fees and costs to only the prevailing plaintiff, federal law allows fees and costs to be awarded to a prevailing defendant if there is a showing that individuals bringing suit acted in bad faith, frivolously, or maliciously." (Assem. Com. on Labor, Employment, and Consumer Affairs, Analysis of Assem. Bill No. 1915 (1977–1978 Reg. Sess.) as amended Jan. 9, 1978, p. 1 (hereafter the January 11 analysis).) The analysis went on to ask, rhetorically, "Would it be more equitable to allow the prevailing party, rather than just the prevailing plaintiff, to be awarded attorneys fees and costs?" (*Ibid.*)

The bill was next amended a week later, on January 18, 1978, still in the Assembly. The sole amendment on that day was to change "plaintiff" to "party." In that form, it was voted unanimously out of committee and summarized in an analysis for the Assembly as a whole. The analysis explained that the provision allowing the court to award fees and costs "is similar to a provision contained in the Federal Civil Rights Act of 1964 which also allows the court to award attorneys fees to the prevailing party" and further observed that "[t]he intent of Congress in allowing the courts to award attorneys fees was to encourage persons injured by discrimination to seek judicial relief." (Assem. Off. of Research, 3d reading analysis of Assem. Bill No. 1915 (1977–1978 Reg. Sess.) as amended Jan. 18, 1978, p. 1.) After many additional amendments, none relating to the measure's provisions on fee and cost awards, Assembly Bill No. 1915 (1977–1978

17

Reg. Sess.) was passed by both houses and approved by the Governor, as chapter 1254 of the Statutes of 1978, on September 26, 1978.

*Christiansburg* was decided on January 23, 1978. The January 11 analysis, in reciting a federal requirement for award of fees and costs to a defendant that the suit was brought "in bad faith, frivolously, or maliciously," could not, therefore, have been referring to the decision in *Christiansburg.* Lower court decisions preceding *Christiansburg* and cited there had, however, used similar language. (See *Carrion v. Yeshiva University* (2nd Cir. 1976) 535 F.2d 722, 727 [a prevailing Title VII defendant should be awarded fees "only where the action brought is found to be unreasonable, frivolous, meritless or vexatious"]; *U.S. Steel Corp. v. U.S.* (3rd Cir. 1975) 519 F.2d 359, 363 [upholding district court denial of fees to prevailing Title VII defendant on basis that action was not " 'unfounded, meritless, frivolous or vexatiously brought' "].) The *Christiansburg* court approved "the concept embodied in the language adopted by these two Courts of Appeals," qualifying that language "only by pointing out that the term 'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case, and that the term 'vexatious' in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him." (*Christiansburg*, *supra*, 434 U.S. at p. 421.) The high court continued with its own formulation, requiring "a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." (*Ibid.*)

With the distinction that the January 11 analysis's formulation included terms denoting subjective bad faith as well as objective groundlessness, whereas *Christiansburg* embraced a standard that does not require bad faith, the January 11 analysis accurately anticipated the forthcoming *Christiansburg* decision. And by the time Assembly Bill No. 1915 (1977–1978 Reg. Sess.) was finally passed by

18

the Legislature and signed into law in September of 1978, the decision in *Christiansburg* had been available for several months.

To summarize, an early version of the 1978 bill that introduced trial court discretion to award costs and fees to prevailing employment discrimination parties (by amendment to Lab. Code, former § 1422.2), would have allowed awards only to prevailing plaintiffs. In the January 11 analysis, the responsible Assembly committee was informed that the corresponding federal law allowed awards to prevailing defendants as well, but only on a restrictive standard of frivolousness. A week later, the Assembly amended the bill to change "plaintiff" to "party," and about a week after that, the high court filed *Christiansburg*, which approved the lower courts' earlier use of a restrictive standard for fee awards to prevailing Title VII defendants. The Legislature later passed the bill without further changes to the fees and costs provision. We find inescapable the inference that the Legislature, in giving the trial courts discretion to award fees and costs to prevailing parties in employment discrimination suits, intended that discretion to be bounded by the *Christiansburg* rule, or something very close to it.

The Legislature's choice of statutory language indicates it intended the same rule apply to ordinary litigation costs as to attorney fees. Although the history of the 1978 amendment to Labor Code former section 1422.2 demonstrates a legislative desire to follow the model of Title VII, and federal courts *later* held the *Christiansburg* standard does not govern ordinary costs in Title VII actions (see, e.g., *Poe*, *supra*, 695 F.2d at p. 1108; *Delta Air Lines v. Colbert*, *supra*, 692 F.2d at pp. 490–491), nothing in the history suggests the Legislature anticipated this distinction would be drawn. The language the Legislature actually chose, moreover, differs from the Title VII provision in treating costs and fees in parallel. As discussed earlier, the fees and costs provision of Government Code section 12965(b) — added by the 1978 amendment to Labor Code former section 1422.2

19

and later recodified in the Government Code as part of FEHA — resembles the fees and costs provision of the ADA more closely than it does the Title VII fee provision, and the ADA provision has been construed to establish trial court discretion, bounded by the *Christiansburg* standard, over awards of ordinary costs as well as attorney fees. (*Brown v. Lucky Stores, Inc.*, *supra*, 246 F.3d at p. 1190.)

In amending California's employment antidiscrimination law to authorize discretionary awards of attorney fees and costs, our Legislature, like Congress before it, sought "to encourage persons injured by discrimination to seek judicial relief." (Assem. Off. of Research, 3d reading analysis of Assem. Bill No. 1915 (1977–1978 Reg. Sess.) as amended Jan. 18, 1978, p. 1.) Defendant argues that while this policy might be frustrated if attorney fee awards were routinely made to prevailing defendants, the same cannot be said as to awards of ordinary costs. For this point, defendant relies on *Perez*, *supra*, 111 Cal.App.4th at page 681, wherein the court (quoting *Poe*, *supra*, 695 F.2d at p. 1108) asserted that " '[w]hereas the magnitude and unpredictability of attorney's fees would deter parties with meritorious claims from litigation, the costs of suit in the traditional sense are predictable, and, compared to the costs of attorneys' fees, small.' "

It may well be that in FEHA cases, as in civil litigation generally, attorney fees are typically much larger than ordinary litigation costs. For example, in *Cummings*, *supra*, 11 Cal.App.4th at page 1386, the trial court awarded the prevailing defendant more than $60,000 in fees, but only about $3,000 in costs. On the other hand, ordinary costs in FEHA cases can themselves be substantial. Plaintiff references an unpublished case in which an unsuccessful FEHA plaintiff was assessed more than $26,000 in costs, as well as a published decision (*Hatai v. Department of Transportation*, *supra*, 214 Cal.App.4th at p. 1295) in which the trial court awarded costs of almost $31,000 to the prevailing defendants. Even the court in *Knight v. Hayward Unified School Dist.*, *supra*, 132 Cal.App.4th at page

20

135, which declined to apply *Christiansburg* to costs awards, conceded that "costs may in some FEHA cases be considerable."**3**

Though we have no estimate of the average FEHA costs award or of the average FEHA plaintiff's financial resources, we note that the most common basis for FEHA litigation is wrongful termination of employment. (Blasi and Doherty, Cal. Employment Discrimination Law and Its Enforcement: The Fair Employment and Housing Act at 50 (UCLA/Rand Center for Law & Public Policy 2010), p. 40.) Even if FEHA plaintiffs have found new jobs by the time they pursue litigation, many have probably experienced some period of unemployment. The Legislature could well have believed the potential for a costs award in the tens of thousands of dollars would tend to discourage even potentially meritorious suits by plaintiffs with limited financial resources.

Defendant points out that under Code of Civil Procedure section 1033.5, subdivision (c)(2) and (3), allowable costs must be both necessary to the conduct

---

**3** One factor contributing to substantial costs in FEHA cases could be the expense of taking and transcribing depositions, an allowable item under Code of Civil Procedure section 1033.5, subdivision (a)(3). Allowable defense costs under this subdivision include the cost of one copy of each deposition taken by the plaintiff. (*Ibid.*) A guide to employment litigation practice advises plaintiff's counsel to depose the decisionmakers in a discrimination case on numerous topics, including the "identity and demographic characteristics (race, gender, age, etc.) of other employees subject to the same supervisor(s) or decisionmaker(s) and whether each of them received the same treatment as plaintiff in respect to hiring, salary, benefits, shift assignment, performance evaluations, etc." (Chin, Wiseman et al., Cal. Practice Guide: Employment Litigation (The Rutter Group 2014) ¶ 19:538, p. 19-82), and to "consider deposing each officer or agent of the corporation with knowledge of the facts of the case." (*Id.*, ¶ 19:539, p. 19-82.) Defense counsel is advised to depose the plaintiff not only on the details of the events that form the basis for the claim but also on the plaintiff's prior employment history, any prior charges of discrimination the plaintiff has made, and details of all damage claims. (*Id.*, ¶ 19:654, pp. 19-101 to 19-102.) Moreover, the seven-hour limit on depositions in Code of Civil Procedure section 2025.290 does not apply to employment litigation. (*Id.*, subd. (b)(4).)

21

of the litigation and reasonable in amount, and that the court in *Knight v. Hayward Unified School Dist.*, *supra*, 132 Cal.App.4th at pages 135–136, held trial courts have discretion to deny or reduce a cost award to a prevailing FEHA defendant where a large award would impose undue hardship on the plaintiff. (See also *Holman v. Altana Pharma U.S., Inc.*, *supra*, 186 Cal.App.4th at pp. 283–285 [permitting expert witness fees awarded to prevailing FEHA defendant to be "scaled" to the parties' relative financial resources].) But as we observed in the arbitration context, the theoretical possibility of later obtaining a reduction of costs is at best an imperfect assurance to the employee contemplating a FEHA action: "[I]f it is possible that the employee will be charged substantial forum costs, it is an insufficient judicial response to hold that he or she *may* be able to cancel these costs at the end of the process through judicial review. Such a system still poses a significant risk that employees will have to bear large costs to vindicate their statutory right against workplace discrimination, and therefore chills the exercise of that right." (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 110.)

Finally, defendant argues Code of Civil Procedure section 1032(b) also serves an important public policy, relieving a party whose position was vindicated in court of the basic costs of litigation, and Government Code section 12965(b)'s goal of encouraging potentially meritorious FEHA suits should not be held to displace that policy. By its terms, however, Code of Civil Procedure section 1032(b) was intended to relieve successful litigants of their costs only where no statute expressly provides otherwise. In part I of the discussion, *ante*, we determined Government Code section 12965(b) established such an express exception from Code of Civil Procedure section 1032(b)'s mandate for the award of costs. In FEHA cases, therefore, the trial court enjoys discretion under Government Code section 12965(b); our rule for costs awards to prevailing FEHA

defendants must reflect the legislative intent as to how that discretion is to be bounded.

In the end, the language and history of Government Code section 12965(b) persuade us the Legislature intended a trial court's discretion to be exercised in the same manner for costs as for attorney fees. The statute treats the two in parallel and without distinction, providing discretion in the award of "attorney's fees and costs" to a prevailing FEHA party. (Gov. Code, § 12965(b).) The history of the statutory amendment adding this language to Government Code section 12965(b)'s predecessor shows the Legislature was aware of and embraced the asymmetrical rule applied in Title VII cases. Although Title VII discretion was later found to apply only to attorney fees, our Legislature used language providing discretion as to costs as well, and similar language in the federal ADA has since been construed as calling for use of *Christiansburg*'s asymmetrical standard for both costs and fees. And while ordinary costs are generally likely to be smaller than attorney fees, a broader application of *Christiansburg* is nonetheless consistent with the legislative policy. In FEHA cases, even ordinary litigation costs can be substantial, and the possibility of their assessment could significantly chill the vindication of employees' civil rights. Statutory language and legislative history thus point in the same direction.

For these reasons, we conclude the *Christiansburg* standard applies to discretionary awards of both attorney fees and costs to prevailing FEHA parties under Government Code section 12965(b). To reiterate, under that standard a prevailing *plaintiff* should ordinarily receive his or her costs and attorney fees unless special circumstances would render such an award unjust. (*Christiansburg*, *supra*, 434 U.S. at pp. 416–417.) A prevailing *defendant*, however, should not be awarded fees and costs unless the court finds the action was objectively without foundation when brought, or the plaintiff continued to litigate after it clearly

23

became so.  (*Id.* at pp. 421–422.)  We disapprove *Perez v. County of Santa Clara* (2003) 111 Cal.App.4th 671, *Knight v. Hayward Unified School Dist.* (2005) 132 Cal.App.4th 121, and *Hatai v. Department of Transportation* (2013) 214 Cal.App.4th 1287 to the extent they held ordinary costs were not governed by this standard.

## CONCLUSION AND DISPOSITION

The Court of Appeal erred in affirming the trial court's award of costs to defendant despite the absence of any finding the action was objectively groundless.  The judgment of the Court of Appeal is reversed and the matter is remanded to that court for further proceedings consistent with this opinion.

**WERDEGAR, J.**


**WE CONCUR:**


**CANTIL-SAKAUYE, C. J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** Williams v. Chino Valley Independent Fire District

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 218 Cal.App.4th 73
**Rehearing Granted**

_____

**Opinion No.** S213100
**Date Filed:** May 4, 2015

_____

**Court:** Superior
**County:** San Bernardino
**Judge:** Janet M. Frangie

_____

**Counsel:**

Loring Winn Williams, in pro. per.; Hamilton & McInnis, Donald E. McInnis, Ben-Thomas Hamilton; The deRubertis Law Firm, David M. deRubertis, Helen U. Kim; Pine & Pine and Norman Pine for Plaintiff and Appellant.

Liebert Cassidy Whitmore, Peter J. Brown and Judith S. Islas for Defendant and Respondent.

Kira L. Klatchko for League of California Cities, California Association of Counties, California Special Districts Association, California Association of Sanitation Agencies, Fire Districts Association of California and Association of California Water Agencies as Amici Curiae on behalf of Defendant and Respondent.

1

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

David M. deRubertis
The deRubertis Law Firm
4219 Coldwater Canyon Avenue
Studio City, CA  91604
(818) 761-2322

Judith S. Islas
Liebert Cassidy Whitmore
6033 West Century Boulevard, 5th Floor
Los Angeles, CA  90045
(310) 981-2000

Kira L. Klatchko
Best Best & Krieger
74-760 Highway 111, Suite 200
Indian Wells, CA  92210
(760) 568-2611