**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAYMUNDO RODRIGUEZ and
ADRIEL GUITRON,

          Plaintiffs - Appellants,

  v.

CITY OF COLTON and ERIC FRASER,
individually and as an agent of the City of
Colton,

          Defendants - Appellees.

No. 13-56920

D.C. No. 5:07-cv-00303-ABC-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted January 4, 2016
Pasadena, California

Before: M. SMITH, WATFORD, and FRIEDLAND, Circuit Judges.

    **1.** Appellants Raymundo Rodriguez and Adriel Guitron argue that the law

of the case doctrine precluded the district court from determining that their

employment discrimination action was frivolous. *See Thomas v. Bible*, 983 F.2d

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

152, 154 (9th Cir. 1993). We decline to reach that argument, as Appellants never raised it in the district court. One of the principal purposes of the law of the case doctrine is to conserve judicial resources that would otherwise be consumed by relitigating issues that have already been decided. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16 (1988). Because Appellants never asserted law of the case as a defense in the district court, all of the judicial resources the doctrine is designed to conserve have already been expended. We therefore decline to consider Appellants' law of the case argument for the first time on appeal.

**2.** The district court did not abuse its discretion by concluding that Appellants' claims were frivolous. *See Williams v. Chino Valley Indep. Fire Dist.*, 347 P.3d 976, 977–80 (Cal. 2015). The City provided a legitimate, non-discriminatory explanation for its decision to terminate Appellants, who produced no evidence suggesting that the City's reasons were pretextual. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142–43 (2000). On appeal, Appellants attempt to defend the legitimacy of their claims primarily on the ground that Eric Fraser was the person who initiated the process that led to their termination, and that they presented evidence from which a jury could conclude that Fraser was biased against Latinos. But even under the "cat's paw" theory of

liability, Appellants had to show that Fraser's alleged racial bias was "a proximate cause of the ultimate employment action." *Staub v. Proctor Hosp.*, 562 U.S. 411, 422 (2011). Appellants produced no evidence even remotely satisfying that requirement. The record demonstrates that Ruben Arroyo and Daryl Parrish made the decision to fire Appellants, and that they did so only after an independent investigation revealed that Appellants had engaged in serious misconduct during work hours. Appellants produced no evidence that Arroyo or Parrish were motivated by racial bias.

**3.** The district court did not abuse its discretion when it determined that Appellants have the financial means to pay attorney's fees. *See Miller v. Los Angeles Cty. Bd. of Educ.*, 827 F.2d 617, 619, 621 (9th Cir. 1987). The district court applied the correct legal standard when it calculated the award, and it did not clearly err in determining that Appellants failed to show that an order requiring them to pay $400 per month toward that award would subject them to financial ruin. *See id.* at 621.

**AFFIRMED.**