NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT DURAN, an individual, | No. 15-55536 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:14-cv-00511-BRO-FFM |
| STOCK BUILDING SUPPLY WEST, LLC, a Delaware corporation, Erroneously Sued As Stock Building Supply West, Inc., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted January 10, 2017[**]
Pasadena, California

Before: TALLMAN and FRIEDLAND, Circuit Judges, and FABER,[***] Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Faber, Senior United States District Judge for the Southern District of West Virginia, sitting by designation.

Plaintiff Robert Duran appeals the district court's adverse summary judgment ruling in his lawsuit against his former employer, Stock Building Supply West, LLC ("Stock"), a California corporation. Duran alleges that Stock interfered with his rights to take protected family leave to care for his ailing father and terminated him in retaliation for taking protected leave, in violation of the California Family Rights Act (CFRA), Cal. Gov't Code § 12945.2. Duran also brings claims against Stock for failure to take reasonable steps to prevent retaliation and for wrongful termination in violation of public policy, and he appeals the district court's award of costs to Stock. We have jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1291. We affirm summary judgment for Stock on all of Duran's claims.

1. Stock did not interfere with Duran's exercise of his CFRA rights for failure to provide adequate notice. Stock Human Resources Representative Angela Rosales timely responded to Duran's request for information about leave benefits. *See* Cal. Code Regs. tit. 2 § 7297.4(a)(6).[1] Rosales's email attachments provided information about CFRA/FMLA benefits and eligibility criteria and about the possibility of using CFRA/FMLA leave concurrently with paid sick leave or

[1] All citations to CFRA and FMLA regulations are to the regulations in force in 2012.

accrued vacation time. Rosales instructed Duran that to request "any leave," he would need to fill out Stock's Leave of Absence (LOA) form and obtain certification through Stock's third-party administrator, Sedgwick. *See* Cal. Code Regs. tit. 2 § 7297.4(a)(1), (a)(6). By declining to fill out the LOA form or apply for leave through Sedgwick, Duran did not "comply with the employer's usual and customary notice and procedural requirements for requesting leave," 29 C.F.R. § 825.303(c), and he cannot now complain that his leave should have been CFRA-protected. *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1244 (9th Cir. 2014).

Nor did Stock interfere with Duran's CFRA rights because Rosales's email was allegedly "misleading." While the subject line and body of Rosales's email referred only to "kin care leave," or California Paid Family Leave (CPFL), the email and its attachments as a whole provided information about both CPFL and CFRA, and the attachments explained the distinct benefits available under each.[2]

Stock also did not interfere with Duran's CFRA rights for failing to designate Duran's leave as CFRA-protected. Stock did not have a duty to

---

[2] Because we do not find Rosales's email and email attachments were misleading, we do not find that the district court abused its discretion by refusing to apply equitable estoppel. *See United States v. Georgia-Pacific Co.*, 421 F.2d 92, 96 (9th Cir. 1970).

designate Duran's leave as CFRA-qualifying because Duran never filled out Stock's LOA form or sought to certify his leave through Sedgwick. *See* 29 C.F.R. § 825.300(d)(1).

Duran's interference claim based on a persistent contact theory also fails. Duran initiated all but one contact with Stock employees during his time away from work. Duran received a single missed call from his supervisor, but his supervisor did not otherwise indicate that he expected Duran to stay in touch while Duran was on leave.

2. Duran cannot make a prima facie CFRA retaliation claim because he has not shown that he "exercised [his] right to take leave for a qualifying CFRA purpose." *See Avila v. Cont'l Airlines, Inc.*, 82 Cal. Rptr. 3d 440, 455 (Cal. Ct. App. 2008).

3. Because Duran's remaining claims—failure to take reasonable steps to prevent retaliation and wrongful termination in violation of public policy—are derivative of his interference and retaliation claims, those claims also fail.

4. Duran incorrectly asserts that *Williams v. Chino Valley Independent Fire District*, 347 P.3d 976 (Cal. 2015), rendered the award of costs "substantive" for purposes of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Under Federal

Rule of Civil Procedure 54(d)(1), which governs here, Stock was entitled to costs as the prevailing party.

The parties shall bear their own costs on appeal.

**AFFIRMED.**