Filed 10/6/15  Williams v. Chino Valley Independent Fire Dist. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| LORING WINN WILLIAMS, | |
| Plaintiff and Appellant, | E055755 |
| v. | (Super.Ct.No. CIVRS801732) |
| CHINO VALLEY INDEPENDENT FIRE DISTRICT, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Janet M. Frangie, Judge.  Reversed.

Loring Winn Williams, in pro. per., for Plaintiff and Appellant.

Liebert Cassidy Whitmore, Peter J. Brown and Judith S. Islas for Defendant and Respondent.

Plaintiff and Appellant Loring Winn Williams sued defendant and respondent Chino Valley Independent Fire District (the District) for employment discrimination (case No. E052123) under the California Fair Employment and Housing Act,

1

Government Code, section 12900 et seq. (FEHA) and lost.  The trial court then granted

Williams's motions to tax costs in part and entered an order granting the District costs of

$5,368.88.  Williams appealed from the order, contending that no costs should have been

allowed, and we initially affirmed in a published opinion.  (*Williams v. Chino Valley

Independent Fire Dist.,* E055755, filed on July 23, 2013, formerly reported at 218

Cal.App.4th 73.)

The California Supreme Court reversed our decision, and remanded the matter to

us for further proceedings consistent with its opinion.  We now reverse.

### BACKGROUND[1]

Plaintiff, a firefighter, sued defendant, his employer, alleging disability

discrimination in violation of FEHA.  On summary judgment, the trial court ruled for

defendant and awarded it costs in an amount to be determined.  Defendant filed a

memorandum of costs, and plaintiff moved to tax costs.  The trial court granted the

motion to tax in part, reducing the award from the requested amount, but rejected

plaintiff's contention that the *Christiansburg*[2] standard applied to an award of court costs.

Without making any finding plaintiff's action was frivolous, unreasonable, or groundless,

the trial court awarded defendant costs totaling $ 5,368.88.  (As far as the record on

appeal shows, defendant did not request an award of attorney fees.)

---

[1] We recite some of the procedural history as set forth in the opinion of the California Supreme Court, *Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97, 100.

[2] *Christiansburg Garment Co. v. EEOC* (1978) 434 U.S. 412 [54 L.Ed.2d 648, 98 S.Ct. 694] (*Christiansburg*)

On appeal from the costs order, this court affirmed. We held the governing statute was Code of Civil Procedure section 1032, subdivision (b), which allows a prevailing party its court costs as a matter of right, rather than Government Code section 12965, subdivision (b), which makes such an award discretionary. We also distinguished between attorney fees (which we agreed were subject to the *Christiansburg* standard) and costs, observing that attorney fees "can be more expensive and unpredictable than ordinary costs and could discourage plaintiffs from filing meritorious actions."

On May 4, 2015, the California Supreme Court reversed our decision, concluding that (a) Government Code section 12965, subdivision (b), governs cost awards in FEHA actions, allowing trial courts discretion to award both attorney fees and costs to prevailing FEHA parties; (b) the trial court's discretion is bounded by the rule of *Christiansburg*; and (c) an unsuccessful FEHA plaintiff should not be ordered to pay the defendant's fees or costs unless the plaintiff brought or continued litigating the action without an objective basis for believing it had potential merit. The matter was remanded for further proceedings consistent with the Supreme Court's opinion, and we now reverse.

## DISCUSSION

Code of Civil Procedure section 1032, subdivision (b), guarantees prevailing parties in civil litigation the right to recover costs expended in litigation, "[e]xcept as otherwise expressly provided by statute." Code of Civil Procedure section 1033.5 limits recoverable costs to those reasonably necessary to the conduct of the litigation, and costs that are reasonable in amount. (Code Civ. Proc. 1033.5, subd. (c)(2), (3).) Expenses that are recoverable include filing, motion, and jury fees, food and lodging costs for

3

sequestered juries, costs of taking necessary depositions, costs of service of process, fees of ordinary witnesses and court-ordered experts, among other expenses, commonly referred to as "ordinary costs." (Code Civ. Proc. § 1033.5, subds. (a)(1)-(9), (11)-(13).) However, attorney fees and parties' expert witness fees are not ordinarily recoverable as costs under section 1032. (Code Civ. Proc. § 1033.5, subds. (a)(10), (b)(1).)

Government Code section 12965, subdivision (b), provides for civil actions to enforce provisions of FEHA, and permits the court, in its discretion, to award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees. A similar provision is included in title VII of the Civil Rights Act of 1964 (Title VII), allowing the prevailing party to recover reasonable attorney's fees as part of the costs. (42 U.S.C. § 2000e-5(k).)

However, the high court has interpreted that provision under Title VII creating a different standard for awards of fees to prevailing defendants than to prevailing plaintiffs: while prevailing Title VII plaintiffs, whom Congress had chosen as instruments to vindicate its policy against job discrimination, should ordinarily be awarded their fees (*Christiansburg, supra,* 434 U.S. at pp. 416-417, 418), a Title VII plaintiff "should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." (*Christiansburg,* at p. 422.)

The *Christiansburg* holding reflects the Congressional purpose of the fee provision to make it easier for a plaintiff of limited means to bring a meritorious suit. (*Chiristiansburg, supra,* 434 U.S. at p. 420.) The high court provided a definition of

4

"meritless" to guide lower courts. It held that "the term 'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case, and that the term 'vexatious' in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him." (*Id.,* at p. 421.) The Court went on to caution district courts to resist the "temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." (*Christiansburg,* at pp. 421-422.)

Further, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so, although if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense. (*Christiansburg, supra,* 434 U.S. at p. 422.) This asymmetrical standard has referred to as "the *Christiansburg* standard." (*Williams v. Chino Valley Independent Fire Dist., supra,* 61 Cal.4th at p. 109-110.)

In the instant case, the California Supreme Court held that the trial court's discretion to award both attorney's fees and costs pursuant FEHA defendants is subject to the *Christiansburg* standard. (*Williams v. Chino Valley Independent Fire Dist., supra,* 61 Cal.4th at pp. 111-113, 115.) It remanded the matter for further proceedings consistent with its opinion. (*Id.,* at p. 115.) However, the trial court made no finding that plaintiff's action was frivolous, unreasonable, or groundless, or that plaintiff continued to litigate

5

after it clearly became so, or that plaintiff brought or continued such a claim in bad faith. Instead, it applied the wrong legal standard, so it was not asked to make findings under *Christiansburg*.

A similar situation arose in *Roman v. BRE Properties, Inc.* (2015) 237 Cal.App.4th 1040, where an award of costs was made by the trial court in favor of the prevailing defendants in a disability discrimination action brought under FEHA, prior to the decision of the California Supreme Court in *Williams, supra.* Because the trial court did not have the benefit of the decision in *Williams,* the required findings had not been made. The reviewing court concluded that because the trial court applied an incorrect legal standing, it had not been asked to and did not make findings under *Christiansburg*. (*Roman, supra,* 237 Cal.App.4th at p. 1058.)

In *Roman,* the reviewing court concluded that to avoid undermining the important public policy issues implicated by an award of fees to the defendant in an antidiscrimination case, "'where the required findings are not made by the trial court, the matter must be reversed and remanded for findings, unless the appellate court determines no such findings reasonably could be made from the record.' [Citation.]" (*Roman, supra,* 237 Cal.App.4th at p. 1058.)

Because the trial court here applied the wrong legal standard, the required findings were not made. Therefore, we remand the matter to the trial court with directions to make appropriate findings consistent with the *Christiansburg* standard, pursuant to the directions of the California Supreme Court.

DISPOSITION

The judgment is reversed.  The cause is remanded to the superior court for factual findings consistent with this opinion.  Plaintiff is awarded costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

MILLER
J.