Filed 9/9/20

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CATHY'S CREATIONS, INC., et al.,<br><br>Defendants and Appellants. | F077802<br><br>(Super. Ct. No. BCV-17-102855)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County. David R. Lampe, Judge.

Freedom of Conscience Defense Fund, Charles S. LiMandri, Paul M. Jonna and Jeffrey M. Trissell for Defendants and Appellants.

Xavier Becerra, Attorney General, Michael L. Newman, Assistant Attorney General, Satoshi Yanai and Cherokee DM Melton, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

The question presented in this appeal is whether an award of attorneys' fees under Code of Civil Procedure section 1021.5 was properly denied to the prevailing defendants in an action brought by California's Department of Fair Employment and Housing (DFEH) under Government Code section 12974.[1]

Section 12974 contains a unilateral attorneys' fee provision in favor of the DFEH. In this case, section 12974's attorneys' fee provision conflicts with Code of Civil Procedure section 1021.5, and the two statutes cannot reasonably be harmonized. As section 12974 is the more specific, later-enacted statute, it governs. We therefore conclude that a prevailing defendant in a section 12974 action is not entitled to an award of fees against the DFEH under Code of Civil Procedure section 1021.5, and the trial court did not err in denying defendants' attorneys' fee request.

## FACTUAL SUMMARY

This case arises out of an administrative complaint filed with the DFEH by a same-sex couple who alleged they were denied services at a bakery because of their sexual orientation. Upon preliminary investigation, the DFEH filed an action for temporary, provisional relief pursuant to section 12974 against Cathy's Creations, Inc., doing business as Tastries, and its sole shareholder, Catharine Miller (Miller) (collectively, defendants). The DFEH's requests for a temporary restraining order and a preliminary injunction were denied, and judgment was subsequently entered, signaling an end to that action for provisional relief.

Defendants filed a motion for an award of attorneys' fees under the private attorney general fee statute codified at Code of Civil Procedure section 1021.5. The trial court determined its discretion to award attorneys' fees was limited by the asymmetrical standard first announced in *Christiansburg Garment Co. v. EEOC* (1978) 434 U.S. 412

---

[1] All further statutory references are to the Government Code, unless otherwise indicated.

(*Christiansburg*), and adopted by the California Supreme Court in *Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97 (*Williams*) to govern the award of attorneys' fees and costs for actions under section 12965 of the Fair Employment and Housing Act (FEHA).  Under the asymmetrical standard, a prevailing plaintiff should ordinarily receive his or her attorneys' fees unless special circumstances would render such an award unjust, but a prevailing defendant should not be awarded fees unless the court finds the action was objectively without foundation when brought, or the plaintiff continued to litigate after it clearly became so.  (*Christiansburg*, *supra*, at pp. 421–422; *Williams*, *supra*, at p. 115.)

The trial court concluded that, while defendants "did meet the criteria for the enforcement of an important right affecting the public interest under Code of Civil Procedure section 1021.5," the DFEH's Government Code section 12974 action was not objectively meritless or frivolous.  Thus, applying the *Christiansburg* standard as adopted under *Williams*, *supra*, 61 Cal.4th at page 115, for an attorneys' fees award under section 12965, the court denied defendants' attorneys' fee request.  Defendants appealed.

## DISCUSSION

### I.  Relevant Statutes

#### A.  Section 12974

This case was initiated pursuant to section 12974, which is a unique statute. Section 12974 is part of the FEHA, which prohibits discrimination (§ 12940 et seq.) and incorporates the Unruh Civil Rights Act's[2] prohibitions on discrimination in public accommodations (§ 12948).  The Unruh Civil Rights Act's provisions "were intended as an active measure that would create and preserve a nondiscriminatory environment in California business establishments by 'banishing' or 'eradicating' arbitrary, invidious discrimination by such establishments."  (*Angelucci v. Century Supper Club* (2007) 41

---

[2]  Civil Code section 51.

3.

Cal.4th 160, 167.)  "[The] FEHA's provisions, including the establishment of [the] DFEH, are 'an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.'"  (*Wood v. Superior Court* (2020) 46 Cal.App.5th 562, 579, quoting § 12920.)

The DFEH's task is to represent the interests of the state and to effectuate the declared public policy of the state to protect and safeguard the rights and opportunities of all persons from unlawful discrimination.  (*Dep't of Fair Employment & Hous. v. Law Sch. Admission Council, Inc.* (2013) 941 F.Supp.2d 1159, 1168; see § 12930, subd. (f).) The Legislature has provided the DFEH with several statutory tools in aid of the department's task to enforce the FEHA, which include the ability to seek discovery from an alleged wrongdoer while investigating an administrative complaint (§§ 12963.1, 12963.2, 12963.3, 12963.4); and the DFEH may seek court orders to compel this discovery (§ 12963.5).  Another such statutory tool is found in section 12974, which allows the DFEH to seek a court order to temporarily restrain or preliminarily enjoin the actions of another party, pending final disposition of the underlying administrative complaint, where prompt judicial action is necessary to carry out the purposes of the FEHA.  (§ 12974.)

The DFEH is required to carry out a variety of tasks before it may file suit under section 12965 for any type of permanent relief for violations of the FEHA, including completing investigation of an underlying administrative complaint (§ 12963), making a decision on whether to institute suit on behalf of the complainant or issuing a right-to-sue notice (§ 12965, subd. (b)), and conducting a mandatory dispute resolution session (§ 12965, subd. (a)).  Section 12974 allows the DFEH flexibility in its enforcement and prosecutorial responsibilities to seek provisional relief while those necessary administrative steps are accomplished so that, in the meantime, potentially irremediable harm does not occur and the purposes of the FEHA may be carried out.

Section 12974 contains an attorneys' fees shifting provision: "In civil actions brought under this section, the court, in its discretion, may award to the department reasonable attorney's fees and costs, including expert witness fees, when it is the prevailing party for the purposes of the order granting temporary or preliminary relief." (§ 12974.)

**B.**     **Code of Civil Procedure Section 1021.5**

"'The Legislature adopted [Code of Civil Procedure] section 1021.5 as a codification of the private attorney general doctrine of attorney fees developed in prior judicial decisions. [Citation.] Under this section, the court may award attorney fees to a "successful party" in any action that "has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any." … [T]he private attorney general doctrine "rests upon the recognition that privately initiated lawsuits are often essential to the effectuation of the fundamental public policies embodied in constitutional or statutory provisions, and that, without some mechanism authorizing the award of attorney fees, private actions to enforce such important public policies will as a practical matter frequently be infeasible." Thus, the fundamental objective of the doctrine is to encourage suits enforcing important public policies by providing substantial attorney fees to successful litigants in such cases.' (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1288–1289 ….)" (*Graham v. Daimler Chrysler Corp.* (2004) 34 Cal.4th 553, 565.)

**II.     The Trial Court Did Not Err in Denying Attorneys' Fees**

**A.     Standard of Review**

In general, the trial court's determination whether a party is entitled to attorneys' fees, and the amount of any such award, is reviewed under the abuse of discretion

standard.  (*Coalition for a Sustainable Future in Yucaipa v. City of Yucaipa* (2015) 238 Cal.App.4th 513, 519.)  Where, as here, however, the propriety of the award turns on an issue of statutory interpretation or implicates the legal basis for such an award, the issue is reviewed de novo as a question of law.  (*Sessions Payroll Management, Inc. v. Noble Construction Co.* (2000) 84 Cal.App.4th 671, 677.)

### B.   Attorneys' Fees May Not Be Awarded to a Prevailing Defendant Under Section 12974

Defendants argue the trial court erred in denying its request for attorneys' fees under Code of Civil Procedure section 1021.5.  Defendants maintain Government Code section 12974's attorneys' fee provision is not exclusive, nor is it more specific than section 1021.5, and there are significant public policy reasons section 1021.5 should apply despite the unilateral fee provision in section 12974.

DFEH argues the unilateral attorneys' fee provision under Government Code section 12974 is exclusive and precludes application of Code of Civil Procedure section 1021.5.  DFEH maintains section 12974 is a more specific attorneys' fee provision than section 1021.5, and interpreting section 12974 to be unilateral and exclusive is not only consistent with section 12974's express language, but with the broad remedial purposes of the FEHA.

"'Under well-established rules of statutory construction, we must ascertain the intent of the drafters so as to effectuate the purpose of the law.  [Citation.]  Because the statutory language is generally the most reliable indicator of legislative intent, we first examine the words themselves, giving them their usual and ordinary meaning and construing them in context.'  [Citation.]  '[E]very statute should be construed with reference to the whole system of law of which it is a part, so that all may be harmonized and have effect.'  [Citation.]  'Where as here two codes are to be construed, they "must be regarded as blending into each other and forming a single statute."  [Citation.]  Accordingly, they "must be read together and so construed as to give effect, when

6.

possible, to all the provisions thereof." [Citation.]'" (*Mejia v. Reed* (2003) 31 Cal.4th 657, 663.)

"When the plain meaning of the statutory text is insufficient to resolve the question of its interpretation, the courts may turn to rules or maxims of construction 'which serve as aids in the sense that they express familiar insights about conventional language usage.'" (*Mejia v. Reed*, *supra*, 31 Cal.4th at p. 663.) "The rules we must apply when faced with two irreconcilable statutes are well established. 'If conflicting statutes cannot be reconciled, later enactments supersede earlier ones [citation], and more specific provisions take precedence over more general ones [citation].' [Citation.] But when these two rules are in conflict, the rule that specific provisions take precedence over more general ones trumps the rule that later-enacted statutes have precedence." (*State Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 960–961 (*State Dept. of Public Health*).)

Beginning with the plain language of Government Code section 12974 and Code of Civil Procedure section 1021.5, application of the two statutes conflict in this case. Section 12974 contains a unilateral fee provision allowing a trial court, in its discretion, to award the DFEH its attorneys' fees if it is successful in obtaining provisional relief under section 12974. Section 1021.5 allows for an award of attorneys' fees "to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest" if: (1) a significant benefit was conferred on the general public or a large class of persons; (2) the necessity and financial burden of private enforcement make the award appropriate; and (3) such fees should not be paid out of the recovery, in the interests of justice. (Code Civ. Proc., § 1021.5.)

Multiple California courts have recognized that unilateral attorneys' fee provisions in favor of the plaintiff reflect the Legislature's considered judgment that prevailing defendants should not receive fees. (*Turner v. Association of American Medical Colleges*

(2011) 193 Cal.App.4th 1047, 1061–1062 (*Turner*); see *Covenant Mutual Ins. Co. v. Young* (1986) 179 Cal.App.3d 318, 324.)[3] The Legislature knows how to create reciprocal attorneys' fee provisions when it chooses to do so; its election of a unilateral fee provision is intentional. (*D.C. v. Harvard-Westlake School*, *supra*, 176 Cal.App.4th at p. 865.)

Based on the plain language of Government Code section 12974's unilateral attorneys' fee provision and Code of Civil Procedure section 1021.5's reciprocal provision, where both statutes are applicable, "it is not 'reasonably possible' to harmonize these provisions 'without distorting their apparent meaning.'" (*State Dept. of Public Health*, *supra*, 60 Cal.4th at p. 960.) By recognized implication, section 12974 excludes attorneys' fees to a prevailing defendant, but section 1021.5 would permit fees to a prevailing defendant if the requirements of section 1021.5 are otherwise met. Although we are to harmonize potentially inconsistent statutes when possible, this "is not a license to redraft the statutes to strike a compromise that the Legislature did not reach." (*State Dept. of Public Health*, *supra*, at p. 956.)

---

[3] See e.g., *Alcott v. M. E. V. Corp.* (1987) 193 Cal.App.3d 797, 800 ("But one-sided statutory and judicially mandated fee-shifting provisions serve a specific public policy which would be vitiated by the grant of reciprocity."); *Wood v. Santa Monica Escrow Co.* (2007) 151 Cal.App.4th 1186, 1191 [unilateral fee provision under Welf. & Inst. Code, § 15657.5 could not be interpreted to allow reciprocity]; *Brown v. West Covina Toyota* (1994) 26 Cal.App.4th 555, 561 (unilateral fee provision in Song-Beverly Act (Civ. Code, § 1794, subd. (d)) limited to prevailing buyer only), disapproved on other grounds in *Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 995–996; *D.C. v. Harvard-Westlake School* (2009) 176 Cal.App.4th 836, 865–866 ("Legislature knows how to draft a statute to authorize an award of attorney fees to the 'prevailing party'—the plaintiff *or* the defendant—where it so desires"; one-way fee provisions in Ralph Civil Rights Act of 1976 (Civ. Code, § 51.7) and Tom Bane Civil Rights Act (Civ. Code, § 52.1) are not reciprocal); *Carver v. Chevron U.S.A., Inc.* (2004) 119 Cal.App.4th 498, 504 (Cartwright Act (Bus. & Prof. Code, § 16720 et seq. (Cartwright Act)) one-way fee shifting provision prohibits fees for successfully defending Cartwright Act and non-Cartwright Act claims that overlap); *Earley v. Superior Court* (2000) 79 Cal.App.4th 1420, 1427–1431 (Lab. Code, § 1194 unilateral fee provision sole authority applicable to overtime compensation claims).

For this reason, the statutes in this case cannot be harmonized in the same manner as conflicting attorneys' fees statutes were reconciled in *Northwest Energetic Services, LLC v. California Franchise Tax Bd.* (2008) 159 Cal.App.4th 841 (*Northwest*) or in *Richmond Compassionate Care Collective v. 7 Stars Holistic Foundation* (2019) 33 Cal.App.5th 38 (*RCCC*). In each of these cases, the courts concluded separate statutory attorneys' fee provisions could each be given effect without defeating the aims of either statute. *Northwest* did not involve a unilateral fee provision; the two statutes at issue included a reciprocal fee provision under Revenue and Taxation Code section 19717 for prevailing parties in tax refund cases against the California Franchise Tax Board and Code of Civil Procedure section 1021.5. (*Northwest*, *supra*, at p. 869.) The court reconciled the two provisions, explaining that the attorneys' fee provision under the Revenue and Taxation Code section 19717 was not exclusive and allowed a prevailing party to seek fees if there was no public interest at stake to meet the requirements of Code of Civil Procedure section 1021.5. (*Northwest*, *supra*, at pp. 872–875) But, in the rare circumstance where a tax refund case resulted in the enforcement of a public interest, a party could seek fees under section 1021.5, which nothing under the Revenue and Taxation Code fee provision precluded. (*Northwest*, *supra*, at p. 875.) Here, different from Revenue and Taxation Code section 19717, which was a reciprocal attorneys' fee provision, if fees are awarded to a prevailing defendant under Code of Civil Procedure section 1021.5, Government Code section 12974's unilateral provision is effectively re-written to be reciprocal.

In *RCCC*, the court harmonized a unilateral attorneys' fee provision under the Cartwright Act with the fee-shifting provision under the anti-SLAPP statute (Code Civ. Proc., § 425.16, subd. (c)). (*RCCC*, *supra*, 33 Cal.App.5th at pp. 46–47.) The court permitted fees to a prevailing defendant for purposes of a successful anti-SLAPP motion to strike allegations asserting a Cartwright Act claim. (*RCCC*, *supra*, at p. 47.) The court determined an award of fees for work on the anti-SLAPP motion did not defeat the public

9.

policy of the Cartwright Act or its unilateral fee provision because none of the allegations stricken by the anti-SLAPP motion could support a meritorious Cartwright Act claim. (*RCCC*, *supra*, at p. 47.)  This case is distinguishable from *RCCC* in that it does not involve the anti-SLAPP attorneys' fee provision, and there is no apt analogy to conclude fees awarded to a prevailing defendant under Code of Civil Procedure section 1021.5 do not override the unilateral fee provision of section 12974.

This case is more analogous to *Turner*, where the court considered the conflict between the unilateral attorneys' fee provisions of Civil Code sections 52 and 54.3 and the reciprocal fee provision of Civil Code section 55.  (*Turner*, *supra*, 193 Cal.App.4th at p. 1054.)  The defendant in that case prevailed on each of the claims under Civil Code sections 52, 54.3, and 55, but the work performed by counsel in defending those claims was inextricably intertwined.  (*Turner*, *supra*, at p. 1054.)  The court concluded in that circumstance there was no way to award attorneys' fees under the reciprocal provision of Civil Code section 55 without violating the unilateral provisions of Civil Code sections 52 and 54.3, thus the statutes were in conflict.  (*Turner*, *supra*, at pp. 1059–1064.)  The court ultimately reconciled the conflict by concluding Civil Code section 55 was amended by implication by sections 52 and 54.3.  (*Turner*, *supra*, at pp. 1067–1070.)

Where there is a conflict in the plain language of the statutes that cannot be harmonized without essentially rewriting them, courts are to consider which statute is more specific, and the timing of the two statute's enactments.  (*State Dept. of Public Health*, *supra*, 60 Cal.4th at p. 960.)  "'[L]ater enactments supersede earlier ones [citation], and more specific provisions take precedence over more general ones [citation],'" but when these two rules are in conflict, "the rule that specific provisions take precedence over more general ones trumps the rule that later-enacted statutes have precedence." (*Ibid*.)  "The referent of 'general' and 'specific' is subject matter." (*People v. Weatherill* (1989) 215 Cal.App.3d 1569, 1578 [explaining code section that applies to all misdemeanors, and comprehends hundreds of misdemeanors "in scores of codes," is a

general statute in comparison to code section dealing only with driving under the influence].)

As to subject-matter specificity, the attorneys' fee provision in Government Code section 12974 pertains specifically to actions for provisional relief under section 12974 filed by the DFEH to carry out the purposes of the FEHA—it is tailored to a specific type of civil action. Code of Civil Procedure section 1021.5, on the other hand, awards attorneys' fees for the enforcement of public interest issues generally, which can apply across a broad range of actions covering a variety of subject matters, including tax refund matters. (See *Northwest*, *supra*, 159 Cal.App.4th at p. 875.)

While defendants cite *Turner* for the proposition that courts interpreting fee-shifting statutes do not generally hold that one is more specific than the other, *Turner* neither held nor suggested anything of the sort. In *Turner*, the court concluded that among the discrimination statutes under Civil Code sections 52, 54.3, and 55, each with attorneys' fee provisions, none was more specific than the other. (*Turner*, *supra*, 193 Cal.App.4th at p. 1065.) Each dealt specifically with particular types of discrimination and the fee-shifting provision under each statute was specific to that particular type of discrimination claim. (*Ibid.*)

As to the timing of the two statutes, the attorneys' fee provision in Government Code section 12974 was added to the statute in 2012 (Stats. 2012, ch. 46, § 53), long after the codification of Code of Civil Procedure section 1021.5 in 1977 (Stats. 1977, ch. 1197, § 1, p. 3979). The Legislature was no doubt aware of more general reciprocal attorneys' fee provisions like Code of Civil Procedure section 1021.5 when it expressly chose to codify a unilateral fee provision in the DFEH's favor for actions under section 12974. (*State Dept. of Public Health*, *supra*, 60 Cal.4th at p. 962.) We conclude the Legislature intended section 12974's unilateral fee provision to be a limited exception to an award of attorneys' fees to prevailing defendants under section 1021.5 in provisional relief actions under section 12974. (See *State Dept. of Public Health*, *supra*, at p. 962.)

11.

## C.    Remaining Arguments

We do not reach the parties' additional arguments whether the *Christiansburg* standard applies, or whether the trial court erred in concluding the requirements of Code of Civil Procedure section 1021.5 were otherwise satisfied.  Whether or not *Christiansburg* applies to an award of attorneys' fees to the DFEH under Government Code section 12974, an award of attorneys' fees to a prevailing defendant in a section 12974 action is precluded.  As section 1021.5 attorneys' fees may not be awarded to defendants in light of section 12974's unilateral fee provision, we also do not reach the parties' arguments whether the trial court erred in concluding the requirements of section 1021.5 were otherwise satisfied by defendants in this case.

## DISPOSITION

The trial court's order denying defendants' motion for attorneys' fees under Code of Civil Procedure section 1021.5 is affirmed, and the DFEH is entitled to costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (a)(2).)


 

MEEHAN, J.

WE CONCUR:


DETJEN, Acting P.J.



SMITH, J.


12.