Filed 5/31/24  Escamilla-Vera v. San Ysidro Improvement Corp. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| GINA ESCAMILLA-VERA, Plaintiff and Appellant, v. SAN YSIDRO IMPROVEMENT CORPORATION, et al., Defendants and Appellants. | D081243 (Super. Ct. No. 37-2020-00028600-CU-WT-CTL) |

APPEALS from a judgment and order of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge.  Affirmed.

Gilleon Law Firm and James C. Mitchell for Plaintiff and Appellant.

Jackson Lewis, Guillermo A. Escobedo, Samantha S. McPherson and Dylan B. Carp for Defendants and Appellants.


INTRODUCTION

Gina Escamilla-Vera sued her supervisor and employer for age and national origin discrimination under the California Fair Employment and

Housing Act (FEHA; Gov. Code,[1] § 12900 et seq.). Her employer moved for summary judgment on the ground it had fewer than five employees such that it was not an " '[e]mployer' " within the meaning of section 12926, subdivision (d). In opposition, Escamilla-Vera presented evidence the employer had purportedly voluntarily agreed to comply with FEHA and argued it created a triable dispute as to whether the employer was, in fact, subject to the FEHA. The trial court rejected her position.

We affirm the trial court's entry of summary judgment because Escamilla-Vera fails to establish that such an agreement could support the imposition of liability under FEHA. Finding no abuse of discretion in the court's decision to deny the supervisor and employer's motion for attorney fees, we further affirm its order denying fees on the cross appeal.

FACTUAL AND PROCEDURAL BACKGROUND

The San Ysidro Improvement Corporation is a non-profit organization that, since 2017, has done business as the San Ysidro Chamber of Commerce (the Chamber). Its mission is to revitalize and promote business improvement in the San Ysidro area of San Diego. Its revenues are derived in part from business memberships.

In 2020, Escamilla-Vera sued the Chamber for wrongful termination. She alleged she was Mexican American and her primary language was Spanish, and that her ability to speak and write in English was limited. She asserted that she had been hired by the Chamber in 2001, that the Chamber's officers as well as its executive director, Jason Wells, had praised her work performance, and that until late 2019 or early 2020 they never

---

[1] Further unspecified statutory references are to the Government Code.

2

commented on or criticized "what they knew was her limited ability to speak and write English."

In January 2020, however, Wells terminated Escamilla-Vera's employment, telling her he was not satisfied with her performance and needed to hire someone who was more proficient in English. According to Wells, the Chamber's board of directors had demanded that the Chamber begin focusing on increasing business memberships beyond the San Ysidro market, a shift he believed necessitated employees who could communicate fluently in English as well as Spanish. In addition to commenting on her lack of English proficiency, in terminating Escamilla-Vera, Wells also stated, "she was old enough to retire." She was 62 years old at the time. The Chamber then advertised for an employee with greater English proficiency and (according to the allegations of the complaint) "did hire a person[ ] in their 20's or 30's to replace Escamilla-Vera."

Escamilla-Vera asserted the following causes of action against the Chamber and Wells, all pursuant to FEHA: (1) wrongful termination based on age discrimination (§ 12940, subd. (a)); (2) wrongful termination based on national origin discrimination (*ibid.*); (3) wrongful termination—failure to prevent age and national origin discrimination (*id.*, subd. (k)); and (4) wrongful termination in violation of public policy (§ 12920 et seq.). She sought general, special, and punitive damages, as well as attorney fees.

The Chamber and Wells jointly moved for summary judgment or, in the alternative, summary adjudication of all causes of action in the complaint as well as the prayer for punitive damages. The Chamber presented evidence that throughout Escamilla-Vera's employment, there were never more than four employees working for the organization at the same time. It argued it therefore did not meet the FEHA definition of " '[e]mployer,' " which provides

3

that an employer is a person "regularly employing five or more persons" (§ 12926, subd. (d)), and as a consequence, all of Escamilla-Vera's FEHA causes of action failed. Wells submitted evidence he was an individual employee of the Chamber; relying on this evidence, he argued he could not be held liable under FEHA. Both the Chamber and Wells additionally challenged Escamilla-Vera's fourth cause of action on the ground she lacked sufficient evidence to establish discrimination under the burden-shifting test articulated in *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792, 802–805. Finally, both defendants argued Escamilla-Vera's punitive damages claim failed because she lacked evidence Wells acted with malice, oppression, or fraud.

In opposing defendants' motion, Escamilla-Vera did not dispute the Chamber's contention that it had never employed more than four people simultaneously. To the contrary, in her response to defendants' separate statement of undisputed material facts, she admitted it was "[u]ndisputed" that "[t]hroughout Plaintiff's employment with [the Chamber] . . . there [have] never been five or more employees working for the company simultaneously."

She endeavored, however, to establish that the Chamber was nevertheless "subject to the FEHA." Her effort relied on three documents.

The first was a copy of personnel procedures Escamilla-Vera received when she began her employment. The introductory section of the procedures stated, "Most [Chamber] personnel procedures are based on, or required by, various federal, state and local regulations." A later section of the procedures stated, "The [Chamber] is an equal opportunity employer. . . . [E]mployees are guaranteed equal opportunity in all aspects of employment without

4

regard to race, . . . national origin, [or] age[.] This commitment extends to all personnel actions including . . . terminations."

The second document was a management agreement between the Chamber and the City of San Diego that was in effect during the 2019 fiscal year (later amended to extend the term through the 2020 fiscal year), pursuant to which the Chamber received 35 to 40 percent of its funding from the City. The agreement contained a provision stating, "Manager shall comply with City's [Equal Opportunity Contracting Program] Requirements" and "shall not discriminate against any employee . . . on any basis prohibited by law [and] shall provide equal opportunity in all employment practices."

The third document was a work force report the Chamber submitted to the City in 2019. The top of the report stated its purpose was "to ensure that contractors doing business with the City, or receiving funds from the City, do not engage in unlawful discriminatory employment practices prohibited by State and Federal law." Within the report was a table identifying the race and ethnicity of the Chamber's employees.

Escamilla-Vera argued, based on these documents, that she had raised triable issues of fact as to whether the Chamber was subject to the FEHA. She asserted, "A jury could conclude based on the [Chamber's] personnel procedures and its contract with the City the [Chamber] was subject to the FEHA . . . even if [it] had less than five employees." She did not dispute Wells's claim that he was an employee of the Chamber who could not be held liable for FEHA in his individual capacity.

At the hearing on the summary judgment motion, Escamilla-Vera's counsel acknowledged the Chamber had less than five employees, stating, "I don't think we ever disagreed with that." He explained the issue he was raising in opposition to the motion was whether a small employer "can

5

voluntarily agree to be covered by the [FEHA]."  After recounting the contents of the three documents submitted in opposition to summary judgment, he asserted, "this employer has voluntarily agreed that they're going to be covered by the FEHA, regardless of whether they have five employees or not at any point in time."  In response to the trial court's question whether he was invoking a theory of waiver, counsel denied taking this position.  He stated, "I don't think it's a waiver at all. . . .  [A] waiver is what they call an intentional relinquishment of a known right.  I don't believe that they intentionally relinquished that.  They agreed they would be bound by the [FEHA]."

Following the hearing, the trial court issued a minute order granting summary judgment.  As to the Chamber, the court explained that under section 12926, subdivision (d), and *Jennings v. Marralle* (1994) 8 Cal.4th 121, 130 (*Jennings*), the FEHA "only applies to employers 'regularly employing five or more persons' [and] [i]t is undisputed [the Chamber] has never had five or more employees."  It stated it was not persuaded by Escamilla-Vera's claim the Chamber voluntarily submitted itself to the FEHA.  As to Wells, the court found Escamilla-Vera did not dispute that he could not be held individually liable under FEHA.  Finally, the court determined that Escamilla-Vera failed to establish a prima facie claim of discrimination or to rebut the defendants' articulated reason for termination with substantial responsive evidence.  The court entered judgment in favor of the Chamber and Wells and against Escamilla-Vera, reserving the issue of costs and fees.

6

The Chamber and Wells then jointly moved for attorney fees under section 12965, subdivision (c)(6).[2] They argued a fee recovery was merited because they were prevailing parties and Escamilla-Vera's lawsuit was "frivolous, groundless, and completely without merit." In conjunction with their motion, they submitted over 100 pages of billing records, on which they relied to seek a total of $73,910.20 in incurred attorney and paralegal fees.

The trial court denied defendants' fee motion on the ground Escamilla-Vera's claims "were not sufficiently 'frivolous, unreasonable, or groundless' to merit an award of fees." It explained that although Escamilla-Vera was "ultimately barred from pursuing litigation under FEHA because [the Chamber] had less than five employees," she had "some grounds to make the argument that [the Chamber] had subjected itself to FEHA and at least some evidence of discrimination (e.g., an employee stated she was 'old enough to retire')." It concluded: "The court is mindful of FEHA's objectives and finds that imposing fees would chill potential plaintiffs with genuine claims of discrimination from seeking redress."

---

[2] "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs, including expert witness fees, except that, notwithstanding Section 998 of the Code of Civil Procedure, a prevailing defendant shall not be awarded fees and costs unless the court finds the action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so." (§ 12965, subd. (c)(6).)

DISCUSSION

I.

*Escamilla-Vera Fails To Establish That FEHA Liability Can Properly Be*
*Extended to Entities That Are Not Employers*

Escamilla-Vera appeals the trial court's entry of summary judgment in favor of the Chamber. (She has not appealed the entry of summary judgment in favor of Wells.) She disputes each of the grounds on which the court relied to adjudicate her causes of action in favor of the Chamber. Because she fails to establish the court erred when it determined the Chamber was not an employer subject to the FEHA, we affirm the judgment without considering her remaining challenges.

Escamilla-Vera's challenge to the trial court's ruling, as presented in her opening brief on appeal, is as follows. She acknowledges the Chamber presented evidence it never employed five or more persons, and that it was therefore exempt from FEHA. She contends her evidence showed the Chamber, "despite its exemption," nonetheless voluntarily agreed to be subject to the FEHA. Once again, as was the case when she was before the trial court, she does not rely on theories of estoppel or waiver.[3] Instead, she

3    In other words, Escamilla-Vera has not argued the Chamber waived the right to present evidence refuting that it is an employer subject to FEHA, or that it was estopped from doing so. (See *Mathews v. Happy Valley Conference Center, Inc.* (2019) 43 Cal.App.5th 236, 257 [explaining that waiver is the voluntary relinquishment of a known right]; *id.* at p. 258 [explaining that estoppel arises when a party " 'has, by his [or her] own statement or conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief,' " in which case the party is not permitted to contradict that belief " 'in any litigation arising out of such statement or conduct' "].) Instead, she acknowledged that the Chamber was an exempt small employee but claimed the purported agreement to comply with FEHA was evidence it was nevertheless subject to FEHA. In her reply

8

asserts that her evidence of a purported agreement to abide by FEHA raised a triable issue as to whether the Chamber was, in fact, subject to the FEHA. This is so, she claims, because "[t]here is no provision in the FEHA that either expresses or implies an exempt small employer could not, if they chose to, agree to be subject to the FEHA," and because in *Robinson v. Fair Employment & Housing Commission* (1992) 2 Cal.4th 226, 243 (*Robinson*), the California Supreme Court gave "an expansive construction to the phrase 'any person regularly employing five or more persons.' "

We are not persuaded. In conducting our de novo review of the trial court's decision to grant summary judgment, "[w]e liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party." (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1037.) However, "although we use a de novo standard of review here, we do not transform into a trial court." (*Dinslage v. City and County of San Francisco* (2016) 5 Cal.App.5th 368, 379 [cleaned up].) "We approach a summary judgment appeal, as with any appeal, with the presumption the appealed judgment is correct. Therefore, on review of a summary judgment, the appellant has the burden of showing

---

brief, Escamilla-Vera cites *Mathews*, not to support a belated theory of estoppel or waiver, but to demonstrate the asserted strength of her evidence of the purported agreement. As the Chamber observes, Escamilla-Vera has forfeited reliance on a waiver or estoppel theory by failing to assert either theory in the trial court or on appeal. (*Tisher v. California Horse Racing Bd.* (1991) 231 Cal.App.3d 349, 361; [holding that the "failure to raise an issue in the[] opening brief waives the issue on appeal"]; *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 698 (*Meridian Financial*) [" 'Ordinarily the failure to preserve a point below constitutes a [forfeiture] of the point.' "].)

9

error, even if he did not bear the burden in the trial court." (*Meridian Financial, supra*, 67 Cal.App.5th at p. 684 [cleaned up].)

Escamilla-Vera fails to meet her appellate burden of showing the trial court erred when it impliedly concluded she failed to create a triable issue of material fact whether the Chamber was subject to the FEHA. A triable issue of material fact "exists only if 'the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof.' " (*Meridian Financial, supra*, 67 Cal.App.5th at p. 683.) Escamilla-Vera does not establish a trier of fact could rely on evidence of a small employer's purported nondiscrimination agreement to conclude that it was subject to FEHA.

All of Escamilla-Vera's causes of action arose under FEHA and required evidence of discrimination by an "employer." (See § 12940, subds. (a), (k) [precluding an "employer" from discriminating on the basis of age or national origin and from failing to take all reasonable steps to prevent discrimination from occurring]; *Jennings, supra*, 8 Cal.4th a p. 130 [action for wrongful termination in violation of FEHA public policy may only be maintained against a defendant that qualifies as an employer]; CACI No. 2502 ("Disparate Impact – Essential Factual Elements (Gov. Code, § 12940(a)") [identifying defendant's status as an employer as an element of a FEHA disparate treatment claim]; see also *Albaugh v. Y&H Corp.* (2006) 546 U.S. 500, 503–504 [numerical qualification in the definition of "employer" in Title VII of the Civil Rights Act of 1964 is a substantive ingredient of a Title VII claim for relief].) Section 12926, subdivision (d), states in relevant part that an " '[e]mployer' includes any person regularly employing five or more persons[.]"

10

As the California Supreme Court has explained, the numeric limitation in section 12926, subdivision (d), has the effect of removing small employers from the scope of FEHA's antidiscrimination mandate. "[T]he FEHA, which declares the right to employment without discrimination to be a civil right and establishes that right as public policy of this state, simultaneously limits the application of the act's enforcement provisions to employers of five or more persons. Thus, while the Legislature has made a broad statement of policy, it has not extended that policy to small employers. The FEHA gives plaintiff no remedy as defendant does not regularly employ five or more persons." (*Jennings*, *supra*, 8 Cal.4th at p. 130.)

Here, the Chamber's moving evidence established the underlying fact that it was not an employer within the meaning of FEHA because it had fewer than five employees. Although Escamilla-Vera raised no dispute as to this fact, she nevertheless claimed her evidence of a purported agreement to comply with FEHA was sufficient to create a triable issue with respect to whether the Chamber was, in fact, subject to FEHA. In rejecting her claim that she succeeded in raising such a dispute, the trial court relied on section 12926, subdivision (d), and *Jennings*.

In claiming the trial court erred, Escamilla-Vera suggests an agreement to follow FEHA constitutes evidence on which a jury could rely to hold the Chamber liable under FEHA despite its otherwise statutorily exempt status. However, she fails to identify any authority that would positively permit this. The authority of courts to act under a particular statute is limited by the terms of the statute. (See e.g. *People v. Lara* (2010) 48 Cal.4th 216, 224–225 [" 'When a court fails to conduct itself in the manner prescribed, it is said to have acted in *excess* of jurisdiction.' "].) Escamilla-Vera does not dispute that the relevant provision for purposes of determining

11

whether a particular entity is subject to FEHA is subdivision (d) of section 12926.[4]  There is no language in this provision susceptible of the interpretation that otherwise exempt small employers may be held liable under FEHA if they have agreed to comply with its provisions.  Although Escamilla-Vera seeks an "expansive construction" of this provision, we are limited to interpreting the statute, and "such interpretation must be based on the language used."  (*Seaboard Acceptance Corp. v. Shay* (1931) 214 Cal. 361, 365.)

Rather than ground her position in the text of FEHA, Escamilla-Vera relies on the absence of language in FEHA prohibiting a small employer from entering an agreement to comply with its provisions.  She contends "[t]here is no provision in the FEHA that either expresses or implies an exempt small employer could not, if they chose to, agree to be subject to the FEHA." However, "the mere fact that one may make a theoretical and unsupported argument to broaden the scope of the statute or to narrow its exceptions does not necessarily mean the language is legitimately susceptible of that interpretation." (*Kelly v. Methodist Hospital of Southern California* (2000) 22 Cal.4th 1108, 1114 [rejecting plaintiff's claim that the Legislature's failure to expressly exclude religiously affiliated hospitals from FEHA's definition of employer supported the conclusion such entities were subject to FEHA].) And here, as we have said, Escamilla-Vera identifies no language in FEHA that could be construed to support her position that an otherwise exempt

___

[4]    Subdivision (d) of section 12926 states in full:  " 'Employer' includes any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly, the state or any political or civil subdivision of the state, and cities, except as follows:  [¶]  'Employer' does not include a religious association or corporation not organized for private profit."

small employer could properly be held liable under FEHA on the basis of a nondiscrimination agreement, nor are we aware of any such language. The absence of statutory language legitimately susceptible of the interpretation she proposes is dispositive. We can only interpret, not rewrite, the statute. (See e.g. *Western/California Ltd. v. Dry Creek Joint Elementary School Dist.* (1996) 50 Cal.App.4th 1461, 1488 ["Courts may not rewrite statutes to supply omitted terms or to conform to an assumed, unexpressed legislative intent."].)

Further, Escamilla-Vera presents no authority supporting the proposition that a party falling entirely outside the scope of a legislative mandate may bring itself within that mandate by voluntarily agreeing to abide by it. While she points out that in *Robinson, supra*, 2 Cal.4th at page 243, the California Supreme Court interpreted the phrase " 'any person regularly employing five or more persons' " in subdivision (d) of section 12926 "expansive[ly]" to include part-time employees, the Court nevertheless left intact the five-employee requirement. (See *Robinson*, at pp. 234–243 [holding the Fair Employment and Housing Commission had jurisdiction over a dentist who regularly employed five or more employees, even though several of them worked fewer than five days per week].) Thus, *Robinson* does not support interpreting section 12926, subdivision (d), so expansively as to encompass an employer with fewer than five employees on any basis, including on the basis that the employer voluntarily agreed not to discriminate.

In short, Escamilla-Vera fails to meet her appellate burden of identifying legal authority for the proposition that liability under FEHA can properly be extended to parties that do not qualify as employers but that voluntarily agree to be subject to FEHA's terms. We therefore conclude that the trial court did not err by impliedly concluding her evidence of a purported

13

nondiscrimination agreement did not create a triable issue whether the Chamber was, in fact, subject to the FEHA.[5]

## II.

### *The Trial Court Did Not Abuse Its Discretion by Denying Defendants' Motion for Costs and Attorney Fees*

The Chamber and Wells cross-appealed the trial court's order denying their motion for $73,910.20 in attorney fees and $11,193.62 in costs pursuant to section 12965. The Chamber disputes the court's conclusion that Escamilla-Vera's claims "were not sufficiently 'frivolous, unreasonable, or groundless' to merit an award of fees in this case." Wells contends the court's finding that "imposing fees would chill potential plaintiffs with genuine claims of discrimination from seeking redress" does not apply to him. We conclude the court did not abuse its discretion.

The decision to award costs and attorney fees in FEHA cases is governed by section 12965, subdivision (c)(6), which provides, "In civil actions

---

[5] This does not mean Escamilla-Vera's evidence was not potentially supportive of a different theory of liability, such as breach of contract. (See e.g. *Guz v. Bechtel National Inc.* (2000) 24 Cal.4th 317, 336 [employer and employee "may define for themselves what cause or causes will permit an employee's termination and may specify the procedures under which termination shall occur"].) Here, however, Escamilla-Vera did not allege a cause of action for breach of an express or implied agreement to modify the Chamber's termination rights. "A party cannot successfully resist summary judgment on a theory not pleaded." (*Roth v. Rhodes* (1994) 25 Cal.App.4th 530, 541.) Nor did she seek leave to amend her complaint in order to assert such a claim. (See *Distefano v. Forester* (2001) 85 Cal.App.4th 1249, 1264–1265 [if opposing party's evidence supports a legal theory not yet pleaded, leave to amend complaint should be sought "before the hearing on the summary judgment motion"]; *Soria v. Univision Radio Los Angeles, Inc.* (2016) 5 Cal.App.5th 570, 586, fn. 5 [request for leave to amend complaint forfeited where not asserted in opening brief on appeal].)

brought under this section, the court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs, including expert witness fees, except that . . . a prevailing defendant shall not be awarded fees and costs unless the court finds the action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so."  This provision, which was added to section 12965 in 2018, codified existing case law.  (Stats 2018, ch. 955, § 5; see *Pollock v. Tri-Modal Distribution Services, Inc.* (2021) 11 Cal.5th 918, 949 (*Pollock*) [discussing the relevant legislative history].)

Under existing case law, courts deciding whether to award costs and attorney fees in FEHA actions followed the standard articulated in *Christiansburg Garment Co. v. Equal Employment Opportunity Commission* (1978) 434 U.S. 412 (*Christiansburg*).  (*Pollock*, *supra*, 11 Cal.5th at pp. 949–950; *Williams v. Chino Valley Independent Fire District* (2015) 61 Cal.4th 97, 115 (*Williams*).)  "Under [the *Christiansburg*] standard, 'an unsuccessful FEHA plaintiff should not be ordered to pay the defendant's fees or costs unless the plaintiff brought or continued litigating the action without an objective basis for believing it had potential merit.' " (*Pollock*, at pp. 949–950, quoting *Williams*, at pp. 99–100.)  The purpose of limiting fee and cost awards to prevailing FEHA defendants is "to 'reflect[ ] the public policy that society should incentivize enforcement of our civil rights laws.' " (*Pollock*, *supra*, 11 Cal.5th at p. 949.)

Further, the *Christiansburg* court explained that when determining whether a plaintiff's action was frivolous, unreasonable, or without foundation so as to justify an award of attorney fees, "it is important that a . . . court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail,

15

his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." (*Christiansburg*, *supra*, 434 U.S. at pp. 421–422.)

A.      *The Record Supports the Trial Court's Denial of the Chamber's Request for Fees*

In light of the foregoing principles, we discern no abuse of discretion in the trial court's determination that Escamilla-Vera's claims "were not sufficiently 'frivolous, unreasonable, or groundless' " to justify an award of fees to the Chamber. As the court found, Escamilla-Vera "had some grounds to make the argument that [the Chamber] had subjected itself to FEHA and at least some evidence of discrimination (e.g., an employee stated that she was 'old enough to retire')." In essence, the trial court regarded Escamilla-Vera's theory as to the Chamber's potential liability under FEHA as a theory that was not so lacking in potential merit as to be completely frivolous or groundless. "Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*." (*Hughes v. Rowe* (1980) 449 U.S. 5, 15–16 (*Hughes*); see *Karam v. City of Burbank* (9th Cir. 2003) 352 F.3d 1188, 1196 [plaintiff's "inability to defeat summary judgment does not mean her claims were groundless at the outset"].) Where a FEHA plaintiff's action is not "*completely* groundless, frivolous, unreasonable or without

16

foundation," the plaintiff should not be ordered to pay the defendant's attorney fees. (*Leek v. Cooper* (2011) 194 Cal.App.4th 399, 421 (*Leek*), italics added.)

The record bears out the trial court's finding. As the trial court correctly observed, Escamilla-Vera did not lack evidence of discrimination. And although Escamilla-Vera's argument that the Chamber was actually bound by FEHA by virtue of its purported agreements to subject itself to FEHA was not supported by existing precedent, neither was it addressed by controlling case law. While the Chamber contends Escamilla-Vera forfeited the ability to rely on theories of breach of employment agreement, waiver, or estoppel, by failing to plead them in her complaint, these were not the theories she sought to assert in opposition to the summary judgment motion. Further, at the summary judgment hearing, after hearing the arguments of Escamilla-Vera's counsel, the court stated it had not understood counsel's legal theory with respect to the significance of the Chamber's purported agreement to follow FEHA "till . . . today." The court stated it "want[ed] to look at" the argument and needed additional time in which to do so. Thus, although the court ultimately rejected her position, it did not do so reflexively.

Similarly, our own discussion of Escamilla-Vera's theory, though it did not result in the outcome she sought, demonstrates that it required our careful consideration. (Cf. *Hughes*, *supra*, 449 U.S. at p. 15 [vacating award of attorney fees where petitioner's amended complaint contained allegations that "received the careful consideration of both the District Court and the Court of Appeals" before they were dismissed for failure to state a claim].) Although novel, her efforts to demonstrate the Chamber's FEHA liability were not factually unsupported, nor was her legal theory so devoid of

17

supporting arguments as to be completely groundless or frivolous. (See *Leek*, *supra*, 194 Cal.App.4th at pp. 420–421 [reversing award of defendant's attorney fees where there was "evidence relevant to some aspects" of the plaintiffs' alter ego theory of employer liability and the legal test the plaintiffs sought to apply, although improper, was supported by "legitimate" argument].) Under these circumstances, an award of fees would punish efforts to craft novel theories of discrimination liability, the merits of which, being untested, are difficult to predict. This, in turn, could, as the trial court concluded, "chill potential plaintiffs with genuine claims of discrimination from seeking redress." (See *Williams*, *supra*, 61 Cal.4th at p. 114 ["In FEHA cases, even ordinary litigation costs can be substantial, and the possibility of their assessment could significantly chill the vindication of employees' civil rights."].)

The Chamber cites a single case, *Patton v. County of Kings* (9th Cir. 1988) 857 F.2d 1379, 1381, in an effort to demonstrate that the trial court abused its discretion. However, *Patton* does not support that conclusion. In *Patton*, the district court granted the defendants' attorney fees upon finding the plaintiff's claim for defamation under 42 U.S.C. section 1983 was groundless. (*Patton*, at p. 1380.) On appeal, the Ninth Circuit upheld the court's ruling after concluding the plaintiff's theory of defamation liability was groundless under "the record and well established Supreme Court and Ninth Circuit authority." (*Id.* at p. 1382.) Unlike *Patton*, in this case there is no "well established . . . authority" on point that rendered Escamilla-Vera's theory of liability so untenable as to be completely groundless. (*Ibid.*) *Patton* therefore does not persuade us the trial court abused its discretion by denying the Chamber's request for costs and attorney fees.

18

B.     *The Record Supports the Trial Court's Decision To Deny Wells His Costs and Attorney Fees*

Wells's arguments in favor of reversing the trial court's denial of costs and fees are slightly different from the Chamber's. As we have mentioned, the court granted summary judgment in Wells's favor after Escamilla-Vera failed to dispute he could not be held liable under FEHA in his individual capacity. Wells contends Escamilla-Vera's claims against him were sufficiently frivolous from the outset to merit an award of costs and fees, and the court's finding that a fee award would "chill potential plaintiffs with genuine claims of discrimination from seeking redress" cannot apply to his situation so as to justify denying his request for costs and fees, since Escamilla-Vera's FEHA claims against him never had merit.

Wells fails to establish an abuse of discretion.[6] We agree with Wells that Escamilla-Vera's FEHA claims against him lacked merit from the outset. (See *Reno v. Baird* (1998) 18 Cal.4th 640, 643 [supervisors may not be sued individually for violating FEHA].) However, this alone does not establish that the trial court abused its discretion by denying his request for costs and fees. Under section 12965, subdivision (c)(6), a finding of groundlessness is only a prerequisite to an award of costs and fees. Trial courts therefore retain discretion under the statute to deny costs and fees to

---

[6]     Although Escamilla-Vera's response brief on the cross-appeal did not include a developed argument addressing Wells's challenge to the trial court's denial of his costs and fees, this does not affect our determination. In this appeal as in every appeal we operate under the presumption the trial court's ruling is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Notwithstanding Escamilla-Vera's briefing omission, the burden to affirmatively demonstrate error remains with Wells as the party challenging the court's ruling. (See *Fleming Distribution Co. v. Younan* (2020) 49 Cal.App.5th 73, 84, fn. 8 [affirming trial court's decision despite respondent's failure to provide argument or authority in support of the decision].)

19

prevailing FEHA defendants even upon making a finding of groundlessness, frivolousness, or unreasonableness.  (See § 12965, subd. (c)(6) ["a prevailing defendant shall not be awarded fees and costs unless the court finds the action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so"]; *Christiansburg, supra*, 434 U.S. at p. 421 ["a district court *may in its discretion* award attorney's fees to a prevailing defendant in a Title VII case *upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation*" (italics added)].)

Here, the trial court rejected Wells's request for fees and costs based on the additional consideration that awarding his costs and fees would "chill potential plaintiffs with genuine claims of discrimination from seeking redress."  Wells contends awarding his fees and costs cannot chill any potential plaintiff with a genuine discrimination claim, because the claims against him were never supported.  We disagree.  As our colleagues in the Second District have explained, "while a trial court should ordinarily award attorney fees to a prevailing defendant in a FEHA action when the court finds the plaintiff's action was frivolous, the court has the discretion *not* to do so if the actual beneficiary of the attorney fee award is a defendant to which an award could not otherwise be made."  (*Young v. Exxon Mobil Corp.* (2008) 168 Cal.App.4th 1467, 1475 (*Young*); see *id.* at pp. 1476–1477 [upholding denial of attorney fees to improperly sued individual FEHA defendant where the motion seeking fees "neither identified nor estimated fees that were solely attributable to [the individual's] presence in the case as a defendant"].)  Trial courts are within their discretion to deny fees to an individual FEHA where "the fee award to the [individual] prevailing defendant would redound to the

20

benefit of another defendant who is not entitled to recover fees." (*Id.* at p. 1476.)

In opposing Wells's request for fees and costs, Escamilla-Vera relied on *Young* and argued he was not entitled to recovery under FEHA because the Chamber's defense "automatically defended him too." In denying the fee and cost motion, the trial court likewise cited *Young* and (as noted) found that granting the motion would "chill potential plaintiffs with genuine claims of discrimination from seeking redress." The reasoning and holding of *Young* supports the court's ruling.

Here, the Chamber and Wells filed a joint motion in which they made a single undifferentiated request for $73,910.20 in attorney fees and $11,193.62 in costs. We have reviewed the documentation submitted in support of their request. Although each bill was addressed to the Chamber and Wells, only the Chamber was listed as the client, suggesting it was the party responsible for payment. Defendants' cost memorandum was likewise submitted jointly and without differentiating the costs incurred by each party individually. Like in *Young* (and consistent with the position taken by Escamilla-Vera) defendants "neither identified nor estimated fees [or costs] that were solely attributable to [Wells's] presence in the case as a defendant." (*Young, supra,* 168 Cal.App.4th at p. 1477.) Thus, granting the motion as to Wells "would redound to the benefit of another defendant [i.e., the Chamber] who is not entitled to recover [costs or] fees." (*Young, supra,* 168 Cal.App.4th at p. 1476.)

Therefore, as in *Young,* the trial court could properly exercise its discretion to deny fees and costs despite the lack of merit in Escamilla-Vera's claims against Wells. Further, under these circumstances, granting the motion and awarding the requested costs and fees would have the effect of

21

reimbursing expenses incurred by the Chamber and would therefore "chill potential plaintiffs with genuine claims of discrimination from seeking redress."

## DISPOSITION

The judgment and order denying defendants' motion for costs and attorney fees are affirmed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


DO, Acting P. J.

WE CONCUR:


CASTILLO, J.


RUBIN, J.